RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234; Facsimile:  (310) 229-1244
Email: RB@LNBYB.com, MYK@LNBYB.COM; JYO@LNBYB.com

Proposed Attorneys for Chapter 11 Debtor
and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No.: 8:21-bk-10958-ES |
| PLAMEX INVESTMENT, LLC, | Chapter 11 |
| Debtor and Debtor in Possession. | **DEBTOR'S <u>EX PARTE</u> MOTION FOR ENTRY OF AN ORDER FOR JOINT ADMINISTRATION OF CASES; DECLARATION OF DONALD CHAE IN SUPPORT THEREOF**<br><br>[No Hearing or Notice Required Pursuant To Local Bankruptcy Rule 1015-1] |

1

Pursuant to Local Bankruptcy Rule 1015-1(b), Plamex Investment, LLC (the "Plamex"), the debtor and debtor in possession in the above-referenced Chapter 11 bankruptcy case, hereby moves, on an ex parte basis, for the entry of an order for joint administration of its Chapter 11 bankruptcy case with the Chapter 11 bankruptcy case of 3100 E. Imperial Investment, LLC (Case No. 8:21-bk-10957-ES) ("3100," and together with Plamex, the "Debtors").

## I. STATEMENT OF FACTS

Each of the Debtors filed a voluntary petition under Chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") on April 14, 2021 (the "Petition Date"). Since the Petition Date, the Debtors have been operating their businesses and managing their affairs as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

The two individuals behind the Debtors are Min Chae and Donald Chae, brothers who each have more than 30 years of experience in real estate investment, development, and management. The Chae brothers' specialty and expertise rest in creating vibrant and thriving cultural retail centers at previously under-performing locations, particularly in ethnically diverse areas. The "Plaza Mexico" is one such project and the crown jewel of the Chae brothers' real estate portfolio.

Plamex is the fee simple owner of Plaza Mexico, a 403,242 square-foot community shopping center offering specialty retail and dining located in Lynwood, California just north of the 105 freeway (approximately 20 minutes from LAX). For over 20 years, Plaza Mexico has been a community landmark in Southern California. The premise behind Plaza Mexico is to represent the rich Latino heritage of the community and create an authentic Mexican cultural landscape through the incorporation of Mexican architecture, authentic building materials, notable monuments, and a forum to celebrate all Mexican fiestas. Currently, Plaza Mexico is occupied by tenants that include Food 4 Less, Rite Aid, Curacao, Chuck E. Cheese, and a wide variety of restaurants and retailers of clothing, electronics, shoes, toys, jewelry, and furniture. The property also boasts a revenue-creating LED tower overlooking the I-105 Freeway.

Plamex is wholly owned by its sole member, 3100. In turn, 3100 is wholly owned by an entity called Placo Investment, LLC ("Placo"), and Placo is wholly owned by an entity called ISLT Investment, LLC ("ISLT"). Neither Placo nor ISLT has filed its own bankruptcy case.

The multi-layered organizational structure of the Debtors and their parent companies, as well as the terms of the Debtors' limited liability agreements, as amended and restated ("LLC Agreements"), are the direct result of pre-petition structured finance and securitization transactions. As part of these transactions, the secured lenders and the preferred equity holder forced an elaborate corporate structure in part to create bankruptcy-remote entities, which are otherwise known as "special purpose" entities or vehicles, to isolate and deter bankruptcy filings by these entities. The Debtors contend that such terms are unenforceable "*ipso facto*" clauses which are void as a matter of law and public policy.

In the Debtors' cases, the LLC Agreements for each of Plamex and 3100 were amended and restated contemporaneously with the secured financings by the secured lenders to restrict filings of bankruptcy cases by their sole members. To file bankruptcy petitions, the LLC Agreements of these entities require these entities to obtain the written consents of two "Independent Managers." Although the language of the LLC Agreements purport to give the sole member the authority to appoint the Independent Managers, in reality and in practice, they were selected unilaterally by the secured lenders without any input from or consultation with the sole members.

The LLC Agreements of Plamex and 3100 show that the Independent Managers for Plamex are Ricardo Beausoleil and Jennifer Schwartz, and that the Independent Managers for 3100 are Alan Stachura (replaced by Sean Emerick) and Steven Zimmer (replaced by Ricardo Beausoleil). Fortunately, the Debtors were able to obtain the written consents from all of these Independent Managers to file their respective Chapter 11 petitions.

The Debtors' bankruptcy filings are the results of two primary factors: (i) substantial loss of rent revenue from Plamex's tenants due to the COVID-19 pandemic which caused the Debtors to default on their obligations to their secured lenders, and (ii) efforts by the secured lenders to

foreclose on their collateral, including a foreclosure sale on the membership interests held by 3100 in Plamex, which has been scheduled by 3100's secured lenders for April 15, 2021 at 10:00 a.m. (EST).

More specifically, Plaza Mexico has not been immune to the financial effects of the COVID-19 pandemic. Due to government-imposed stay-at-home orders and related restrictions which started in March of 2020, Plaza Mexico's tenants were required to close and/or experienced a drastic loss of business, sales and income. Many of the tenants have not paid full or any rents to Plamex, which, in turn, resulted in a default by the Debtors to their secured lenders. The Debtors were in the process of re-financing at the time the pandemic hit, which halted the process. Recently, as California has started to ease restrictions, rent collections at Plaza Mexico have been brought almost back to pre-pandemic levels. There is an increase in foot traffic, and tenants are starting to pay rents timely. However, despite these positive movements, the secured lenders who provided mezzanine loans to 3100 were unwilling to stop their April 15, 2021 foreclosure sale. As a result, the Debtors had no choice but to file their petitions to preserve their assets for the benefit of all constituencies.

## II.     BASIS FOR RELEIF

Pursuant to Local Bankruptcy Rule 1015-1(b), "[i]f two or more cases are pending before the same judge, an order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to FRBP 1015, supported by a declaration establishing that the joint administration of the cases is warranted, will ease the administrative burden for the Court and the parties, and will protect creditors of the different estates against potential conflicts of interest."

Joint administration of the Debtors' cases is warranted and appropriate under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. The Debtors share common ownership and management. 3100 is the parent and sole member of Plamex, and has no independent business operations or significant assets outside of its membership interests in Plamex. Donald Chae is responsible for the management of both Debtors in his capacity as the Manager of Placo (which is

1  the sole member and parent of 3100).  Accordingly, there is no question that 3100 and Plamex are
2  "affiliates" as that term is defined in the Bankruptcy Code.  *See* 11 U.S.C. § 101(2)(B).

3        Based on the foregoing, the Debtors believe that the joint administration of their Chapter 11
4  bankruptcy cases is appropriate.  The Debtors believe that the joint administration of their cases
5  will avoid duplicative expenses and will ensure that creditors in the cases will receive appropriate
6  notice of pertinent matters. In addition, the Debtors believe that the joint administration of their
7  cases, including the use of a single pleadings docket, the combining of notices to creditors of the
8  two estates, and the joint handling of purely administrative matters will aid in expediting the cases
9  and rendering the process less costly, without prejudicing the substantive rights of any creditor.

10        Granting joint administration will eliminate further need for the Debtors to file identical
11  motions and orders in each of their cases when seeking relief that is common to both of the
12  Debtors, will avoid the further waste of judicial resources related to, for example, the docketing of
13  identical motions, declarations and orders in each of the cases, and will allow the Debtors' estates
14  to avoid the substantial copy costs and service costs associated with filing and serving motions and
15  other pleadings in the cases that seek common relief for the Debtors.

16        In the event that the Court orders the joint administration of the Debtors' cases, the
17  Debtors respectfully request that the following caption be approved and that Plamex's case be
18  designated as the lead case:

19  / / /
20  / / /
21  / / /
22  / / /
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28

|  |  |
|---|---|
| In re:<br><br>PLAMEX INVESTMENT, LLC, a Delaware limited liability company,<br><br>　　　Debtor and Debtor in Possession.<br><br>In re:<br><br>3100 E. IMPERIAL INVESTMENT, LLC, a Delaware limited liability company,<br><br>　　　Debtor and Debtor in Possession.<br><br>☐ Affects both Debtors<br><br>☐ Affects Plamex Investment, LLC only<br><br>☐ Affects 3100 E. Imperial Investment, LLC only | Lead Case No.: 8:21-bk-10958-ES<br><br>Jointly administered with 3100 E. Imperial Investment, LLC (8:21-bk-10957-ES)<br><br>Chapter 11 Cases<br><br>Hearing:<br>Date:<br>Time:<br>Place: |

　　　Accordingly, Plamex respectfully requests that this Court enter an order, in the form lodged concurrently herewith:

　　　(a)　authorizing the joint administration of the Debtors' cases;

　　　(b)　approving the form of caption suggested herein; and

　　　(c)　granting such other and further relief as the Court deems just and proper.

Dated: April 14, 2021　　　　　　　　　　PLAMEX INVESTMENT, LLC


　　　　　　　　　　　　　　　　　　　By:　　*/s/ Juliet Y. Oh*
　　　　　　　　　　　　　　　　　　　　　　RON BENDER
　　　　　　　　　　　　　　　　　　　　　　MONICA Y. KIM
　　　　　　　　　　　　　　　　　　　　　　JULIET Y. OH
　　　　　　　　　　　　　　　　　　　　　　LEVENE, NEALE, BENDER, YOO
　　　　　　　　　　　　　　　　　　　　　　　　& BRILL L.L.P.
　　　　　　　　　　　　　　　　　　　　　　Proposed Counsel for Chapter 11 Debtor and
　　　　　　　　　　　　　　　　　　　　　　Debtor in Possession

**DECLARATION OF DONALD CHAE**

I, Donald Chae, hereby declare as follows:

1. I am the Manager of Placo Investment, LLC ("Placo"), which is the sole member of 3100 E. Imperial Investment, LLC ("3100"), which is the sole member of Plamex Investment, LLC, a Delaware limited liability company and the debtor and debtor-in-possession herein ("Plamex," and together with 3100, the "Debtors"), and I am therefore familiar with the Debtors' business operations and financial records. I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2. I make this declaration in support of that certain *Debtor's Ex Parte Motion For Etnry Of An Order For Joint Administration Of Cases* (the "Motion"), to which this declaration is attached. All capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Motion.

3. Each of the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code on April 14, 2021 (the "Petition Date"). Since the Petition Date, the Debtors have been operating their businesses and managing their affairs as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

4. My brother, Min Chae, and I are the individuals behind the Debtors. Min and I each have more than 30 years of experience in real estate investment, development, and management. Our specialty and expertise rest in creating vibrant and thriving cultural retail centers at previously under-performing locations, particularly in ethnically diverse areas. The "Plaza Mexico" is one such project and the crown jewel of our real estate portfolio.

5. Plamex is the fee simple owner of Plaza Mexico, a 403,242 square-foot community shopping center offering specialty retail and dining located in Lynwood, California just north of the 105 freeway (approximately 20 minutes from LAX). For over 20 years, Plaza Mexico has been a community landmark in Southern California. The premise behind Plaza Mexico is to represent the rich Latino heritage of the community and create an authentic Mexican cultural landscape through the incorporation of Mexican architecture, authentic building materials, notable monuments, and a

forum to celebrate all Mexican fiestas. Currently, Plaza Mexico is occupied by tenants that include Food 4 Less, Rite Aid, Curacao, Chuck E. Cheese, and a wide variety of restaurants and retailers of clothing, electronics, shoes, toys, jewelry, and furniture. The property also boasts a revenue-creating LED tower overlooking the I-105 Freeway.

6. Plamex is wholly owned by its sole member, 3100. In turn, 3100 is wholly owned by Placo, which is wholly owned by an entity called ISLT Investment, LLC ("ISLT"). Neither Placo nor ISLT has filed its own bankruptcy case.

7. The multi-layered organizational structure of the Debtors and their parent companies, as well as the terms of the Debtors' limited liability agreements, as amended and restated ("LLC Agreements"), are the direct result of pre-petition structured finance and securitization transactions. As part of these transactions, the secured lenders and the preferred equity holder forced an elaborate corporate structure in part to create bankruptcy-remote entities, which are otherwise known as "special purpose" entities or vehicles, to isolate and deter bankruptcy filings by these entities. The Debtors contend that such terms are unenforceable "*ipso facto*" clauses which are void as a matter of law and public policy.

8. The Debtors' LLC Agreements were amended and restated contemporaneously with the secured financings by the secured lenders to restrict filings of bankruptcy cases by their sole members. To file bankruptcy petitions, the LLC Agreements of these entities require these entities to obtain the written consents of two "Independent Managers." Although the language of the LLC Agreements purport to give the sole member the authority to appoint the Independent Managers, in reality and in practice, they were selected unilaterally by the secured lenders without any input from or consultation with the sole members.

9. The Debtors' LLC Agreements show that the Independent Managers for Plamex are Ricardo Beausoleil and Jennifer Schwartz, and that the Independent Managers for 3100 are Alan Stachura (replaced by Ricardo Beausoleil) and Steven Zimmer (replaced by Sean Emerick). Fortunately, the Debtors were able to obtain the written consents from all of these Independent Managers to file their respective Chapter 11 petitions.

10.    The Debtors' bankruptcy filings are the results of two primary factors: (i) substantial loss of rent revenue from Plamex's tenants due to the COVID-19 pandemic which caused the Debtors to default on their obligations to their secured lenders, and (ii) efforts by the secured lenders to foreclose on their collateral, including a foreclosure sale on the membership interests held by 3100 in Plamex, which has been scheduled by 3100's secured lenders for April 15, 2021 at 10:00 a.m. (EST).

11.    More specifically, Plaza Mexico has not been immune to the financial effects of the COVID-19 pandemic. Due to government-imposed stay-at-home orders and related restrictions which started in March of 2020, Plaza Mexico's tenants were required to close and/or experienced a drastic loss of business, sales and income. Many of the tenants have not paid full or any rents to Plamex, which, in turn, resulted in a default by the Debtors to their secured lenders. The Debtors were in the process of re-financing at the time the pandemic hit, which halted the process. Recently, as California has started to ease restrictions, rent collections at Plaza Mexico have been brought almost back to pre-pandemic levels. There is an increase in foot traffic, and tenants are starting to pay rents timely. However, despite these positive movements, the secured lenders who provided mezzanine loans to 3100 were unwilling to stop their April 15, 2021 foreclosure sale. As a result, the Debtors had no choice but to file their petitions to preserve their assets for the benefit of all constituencies.

12.    The Debtors share common ownership and management. 3100 is the parent and sole member of Plamex, and has no independent business operations or significant assets outside of its membership interests in Plamex. I am responsible for the management of both Debtors in my capacity as the Manager of Placo (which is the sole member and parent of 3100).

13.    I believe that the joint administration of the Debtors' cases will avoid duplicative expenses and will ensure that creditors in the cases will receive appropriate notice of pertinent matters. In addition, I believe that the joint administration of the Debtors' cases, including the use of a single pleadings docket, the combining of notices to creditors of the two estates, and the joint handling of purely administrative matters will aid in expediting the cases and rendering the process

less costly, without prejudicing the substantive rights of any creditor.

14. I submit that granting joint administration will eliminate further need for the Debtors to file identical motions and orders in each of their cases when seeking relief that is common to both of the Debtors, will avoid the further waste of judicial resources related to, for example, the docketing of identical motions, declarations and orders in each of the cases, and will allow the Debtors' estates to avoid the substantial copy costs and service costs associated with filing and serving motions and other pleadings in the cases that seek common relief for the Debtors.

15. In the event the Court orders the joint administration of the Debtors' cases, I respectfully suggest that the proposed caption set forth in the Motion be approved and that the case of Plamex be used as the lead case.

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 14th day of April, 2021, at Buena Park, California.

_____
Donald Chae, Declarant