RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Email:  RB@LNBYB.COM; MYK@LNBYB.COM; JYO@LNBYB.COM

Proposed Attorneys for Chapter 11 Debtor and
Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>PLAMEX INVESTMENT, LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor in Possession.<br>_____<br>In re:<br><br>3100 E. IMPERIAL INVESTMENT, LLC, a Delaware limited liability company,<br><br>    Debtor and Debtor in Possession.<br>_____<br>☐  Affects both Debtors<br><br>☒  Affects Plamex Investment, LLC only<br><br>☐  Affects 3100 E. Imperial Investment, LLC only | Lead Case No.: 8:21-bk-10958-ES<br><br>Jointly administered with 3100 E. Imperial Investment, LLC (8:21-bk-10957-ES)<br><br>Chapter 11 Cases<br><br>***EX PARTE* MOTION FOR AN ORDER EXTENDING TIME FOR PLAMEX INVESTMENT, LLC TO FILE SCHEDULES OF ASSETS AND LIABILITIES, STATEMENT OF FINANCIAL AFFAIRS, AND ALL OTHER REQUIRED DOCUMENTS; DECLARATION OF LUIS VALENZUELA IN SUPPORT THEREOF**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rules 1007-1(b) and 9013-1(p)(1)] |

1

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

Pursuant to 11 U.S.C. § 521, Rule 1007(c) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") and Rules 1007-1(b) and 9013-1(p)(1) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California (the "Local Rules"), Plamex Investment, LLC, a Delaware limited liability company and the debtor and debtor-in-possession in the above-captioned chapter 11 bankruptcy case (the "Debtor"), hereby submits its *ex parte* motion (the "Motion") for the entry of an order extending the time within which the Debtor must file its Schedules of Assets and Liabilities ("Schedules") and Statement of Financial Affairs ("SOFA") and any other documents required to be filed (collectively with the Schedules and SOFA, the "Required Documents"). The Debtor commenced its bankruptcy case on April 14, 2021. Therefore, the Required Documents are currently due on April 28, 2021. By this Motion, the Debtor requests a two-week extension, through and including May 12, 2021, to file the Required Documents.

**I.**

**STATEMENT OF FACTS**

1. The Debtor commenced this bankruptcy case by filing a Voluntary Petition for relief under chapter 11 of the Bankruptcy Code on April 14, 2021 (the "Petition Date"). Since the Petition Date, the Debtor has operated its business and managed its affairs as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. On the Petition Date, the Debtor's parent company and sole member, 3100 E. Imperial Investment, LLC ("3100") also filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Court has approved the joint administration of the Debtor's bankruptcy case with 3100's bankruptcy case.

3. The two individuals behind the Debtor and 3100 are Min Chae and Donald Chae, brothers who each have more than 30 years of experience in real estate investment, development, and management. The Chae brothers' specialty and expertise rest in creating vibrant and thriving

cultural retail centers at previously under-performing locations, particularly in ethnically diverse areas. The "Plaza Mexico" is one such project and the crown jewel of the Chae brothers' real estate portfolio.

4.  The Debtor is the fee simple owner of Plaza Mexico, a 403,242 square-foot community shopping center offering specialty retail and dining located in Lynwood, California just north of the 105 freeway (approximately 20 minutes from LAX). For over 20 years, Plaza Mexico has been a community landmark in Southern California. The premise behind Plaza Mexico is to represent the rich Latino heritage of the community and create an authentic Mexican cultural landscape through the incorporation of Mexican architecture, authentic building materials, notable monuments, and a forum to celebrate all Mexican fiestas. Currently, Plaza Mexico is occupied by tenants that include Food 4 Less, Rite Aid, Curacao, Chuck E. Cheese, and a wide variety of restaurants and retailers of clothing, electronics, shoes, toys, jewelry, and furniture. The property also boasts a revenue-creating LED tower overlooking the I-105 Freeway.

5.  As noted above, the Debtor is wholly owned by its sole member, 3100, which has filed its own chapter 11 bankruptcy case. In turn, 3100 is wholly owned by an entity called Placo Investment, LLC ("Placo") and Placo is wholly owned by ISLT Investment, LLC ("ISLT"). Neither Placo nor ISLT has filed its own bankruptcy case.

6.  The multi-layered organizational structure of the Debtor, 3100, and their parent companies, as well as the terms of the limited liability agreements for the Debtor and 3100, as amended and restated ("LLC Agreements"), are the direct result of pre-petition structured finance and securitization transactions. As part of these transactions, the secured lenders and the preferred equity holder forced an elaborate corporate structure in part to create bankruptcy-remote entities, which are otherwise known as "special purpose" entities or vehicles, to isolate and deter bankruptcy filings by these entities. The Debtor and 3100 contend that such terms are unenforceable "*ipso facto*" clauses which are void as a matter of law and public policy.

7.  The bankruptcy filings for the Debtor and 3100 are the results of two primary factors: (i) substantial loss of rent revenue from the Debtor's tenants due to the COVID-19

pandemic which caused the Debtor and 3100 to default on their obligations to their secured lenders, and (ii) efforts by the secured lenders to foreclose on their collateral, including a foreclosure sale on the membership interests held by 3100 in the Debtor, which was scheduled by 3100's secured lenders for April 15, 2021 at 10:00 a.m. (EST).

8.  More specifically, Plaza Mexico has not been immune to the financial effects of the COVID-19 pandemic. Due to government-imposed stay-at-home orders and related restrictions which started in March of 2020, Plaza Mexico's tenants were required to close and/or experienced a drastic loss of business, sales and income. Many of the tenants have not paid full or any rents to the Debtor, which, in turn, resulted in a default by the Debtor and 3100 to their secured lenders. The Debtor, 3100 and their parent companies were in the process of re-financing at the time the pandemic hit, which halted the process. Recently, as California has started to ease restrictions, rent collections at Plaza Mexico have been brought almost back to pre-pandemic levels. There is an increase in foot traffic, and tenants are starting to pay rents timely. However, despite these positive movements, the secured lenders who provided mezzanine loans to 3100 were unwilling to stop their April 15, 2021 foreclosure sale. As a result, 3100 and Plamex had no choice but to file their petitions to preserve their assets for the benefit of all constituencies.

## II.

## **DISCUSSION**

**A.    Cause Exists to Grant an Extension of Time to File the Required Documents**

11 U.S.C. § 521(a) provides, in relevant part:

(a) The debtor shall –
  (1) file –
     (A) a list of creditors; and
     (B) unless the court orders otherwise –
        (i)  a schedule of assets and liabilities;
  (ii)  a schedule of current income and current expenditures;
        (iii) a statement of the debtor's financial affairs…[.]

11 U.S.C. § 521.

1     Bankruptcy Rule 1007(c) provides that, "[i]n a voluntary case, the schedules, statements, and other documents…shall be filed with the petition or within 14 days thereafter…[.]" Fed. R. Bankr. P. 1007(c). Under Bankruptcy Rule 1007(c), the deadline for the Debtor to file its Required Documents is April 28, 2021.

    An extension of the foregoing deadline is contemplated for cause by Bankruptcy Rule 1007(c). Specifically, Bankruptcy Rule 1007(c) states that "any extension of time to file schedules, statements, and other documents…may be granted only on motion for cause shown and on notice to the United States Trustee, any committee elected under § 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct."

    The Debtor respectfully submits that there is cause for the Court to extend the deadline by which the Debtor must file its Required Documents. In addition to addressing Chapter 11 transition issues during the first few weeks of its case (issues which are mostly unfamiliar to the Debtor), the Debtor will need to continue operating the Debtor's business in an orderly and efficient manner, respond to the a substantial amount of inquiries from the Debtor's tenants, the Debtor's creditors, and other parties in interest, and comply with all of the administrative requirements of the Office of the United States Trustee and the Court. Further, the Debtor's Manager, M+D Properties, a California corporation ("M+D") has an extremely limited accounting/legal staff, comprised essentially of two individuals, who are qualified to assist in the preparation of the Required Documents, and who are also tasked with communicating with the Debtor's tenants and creditors regarding the bankruptcy case and ensuring that the Debtor's operations continue to run smoothly.

    Given these demands on the Debtor, and the very limited staff available at the Debtor to comply with all of the Debtor's reporting and compliance requirements, the Debtor is simply not equipped to compile the information and documentation necessary to accurately prepare the Debtor's Required Documents by April 28, 2021. If the Debtor is forced to file its Required Documents by April 28, 2021, it is very likely that the Debtor will have to later revise or amend much of the documents. Doing so will require the foregoing individuals and the Debtor's

professionals to spend additional time and effort, ultimately increasing the administrative expenses of the Debtor's estate.

Furthermore, the Debtor does not believe that any of its creditors will be prejudiced by the extension of time requested herein. The Debtor's Section 341(a) meeting of creditors is scheduled for May 20, 2021 (which is eight days after the proposed extended deadline for the Debtor to file its Required Documents). The Debtor has informed the attorney for the United States Trustee that the Debtor will be seeking an extension of time to file its Required Documents. The attorney for the United States Trustee has informed counsel for the Debtor that the United States Trustee does not oppose the Debtor's requested extension. The requested extension to and including May 12, 2021 provides the Debtor's creditors and the Office of the United States Trustee with eight days to review the Required Documents before the Section 341(a) meeting of creditors is held on May 20, 2021.  Accordingly, the Debtor respectfully submits that the brief extension of time requested herein, to accurately prepare its Required Documents, is reasonable and appropriate.

Thus, by this Motion, the Debtor is seeking an extension through and including May 12, 2021, within which to file its Required Documents. The Debtor will make every effort to complete and file its Required Documents before the proposed extended date.

**B.** **The Debtor Has Complied With the Procedural Requires for this Motion**

Pursuant to Bankruptcy Rule 1007(c), the Debtor has provided notice of this Motion to the United States Trustee. Pursuant to Local Rule 1007-1(b), the Motion (i) provides the date on which the Debtor's bankruptcy petition was filed and the proposed deadline for filing the Required Documents, (ii) is supported by a signed declaration, and (iii) contains a proof of service of this Motion on the United States Trustee and all creditors.

///

///

///

///

# III.

# **CONCLUSION**

Wherefore, the Debtor respectfully requests that the Court enter an order, in substantially the form lodged concurrently herewith:

(1) granting this Motion;

(2) extending the deadline by which the Debtor must file its Required Documents, from April 28, 2021 to and including May 12, 2021; and

(3) granting such other and further relief as the Court may deem fair and appropriate under the circumstances of the Debtor's case.

Dated:  April 26, 2021              PLAMEX INVESTMENT, LLC

By:_____
RON BENDER
MONICA Y. KIM
JULIET Y. OH
LEVENE, NEALE, BENDER, YOO
    & BRILL L.L.P.
Proposed Attorneys for Debtor and
Debtor in Possession

## **DECLARATION OF LUIS VALENZUELA**

I, Luis Valenzuela, hereby declare as follows:

1. I am the Executive Vice President of M+D Properties, a California corporation ("M+D"), which is the Manager of Plamex Investment, LLC, a Delaware limited liability company and the debtor and debtor-in-possession herein (the "Debtor"), and I am therefore familiar with the business operations and financial records of the Debtor. I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto.

2. I make this declaration in support of that certain *Ex Parte Motion For An Order Extending Time For Plamex Investment, LLC To File Schedules Of Assets And Liabilities, Statement Of Financial Affairs, And All Other Required Documents* (the "Motion"), to which this declaration is attached. All capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Motion.

3. The Debtor commenced this bankruptcy case by filing a Voluntary Petition for relief under chapter 11 of the Bankruptcy Code on April 14, 2021 (the "Petition Date"). Since the Petition Date, the Debtor has operated its business and managed its affairs as a debtor in possession.

4. On the Petition Date, the Debtor's parent company and sole member, 3100 E. Imperial Investment, LLC ("3100") also filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The two individuals behind the Debtor and 3100 are Min Chae and Donald Chae, brothers who each have more than 30 years of experience in real estate investment, development, and management. The Chae brothers' specialty and expertise rest in creating vibrant and thriving cultural retail centers at previously under-performing locations, particularly in ethnically diverse areas. The "Plaza Mexico" is one such project and the crown jewel of the Chae brothers' real estate portfolio.

6. The Debtor is the fee simple owner of Plaza Mexico, a 403,242 square-foot community shopping center offering specialty retail and dining located in Lynwood, California just

8

north of the 105 freeway (approximately 20 minutes from LAX). For over 20 years, Plaza Mexico has been a community landmark in Southern California. The premise behind Plaza Mexico is to represent the rich Latino heritage of the community and create an authentic Mexican cultural landscape through the incorporation of Mexican architecture, authentic building materials, notable monuments, and a forum to celebrate all Mexican fiestas. Currently, Plaza Mexico is occupied by tenants that include Food 4 Less, Rite Aid, Curacao, Chuck E. Cheese, and a wide variety of restaurants and retailers of clothing, electronics, shoes, toys, jewelry, and furniture. The property also boasts a revenue-creating LED tower overlooking the I-105 Freeway.

7.  As noted above, the Debtor is wholly owned by its sole member, 3100, which has filed its own chapter 11 bankruptcy case. In turn, 3100 is wholly owned by an entity called Placo Investment, LLC ("Placo") and Placo is wholly owned by ISLT Investment, LLC ("ISLT"). Neither Placo nor ISLT has filed its own bankruptcy case.

8.  I am advised and believe that the multi-layered organizational structure of the Debtor, 3100, and their parent companies, as well as the terms of the limited liability agreements for the Debtor and 3100, as amended and restated ("LLC Agreements"), are the direct result of pre-petition structured finance and securitization transactions. I am advised and believe that, as part of these transactions, the secured lenders and the preferred equity holder forced an elaborate corporate structure in part to create bankruptcy-remote entities, which are otherwise known as "special purpose" entities or vehicles, to isolate and deter bankruptcy filings by these entities.

9.  The bankruptcy filings for the Debtor and 3100 are the results of two primary factors: (i) substantial loss of rent revenue from the Debtor's tenants due to the COVID-19 pandemic which caused the Debtor and 3100 to default on their obligations to their secured lenders, and (ii) efforts by the secured lenders to foreclose on their collateral, including a foreclosure sale on the membership interests held by 3100 in the Debtor, which was scheduled by 3100's secured lenders for April 15, 2021 at 10:00 a.m. (EST).

10. More specifically, Plaza Mexico has not been immune to the financial effects of the COVID-19 pandemic. Due to government-imposed stay-at-home orders and related restrictions

9

which started in March of 2020, Plaza Mexico's tenants were required to close and/or experienced a drastic loss of business, sales and income. Many of the tenants have not paid full or any rents to the Debtor, which, in turn, resulted in a default by the Debtor and 3100 to their secured lenders. The Debtor, 3100 and their parent companies were in the process of re-financing at the time the pandemic hit, which halted the process. Recently, as California has started to ease restrictions, rent collections at Plaza Mexico have been brought almost back to pre-pandemic levels. There is an increase in foot traffic, and tenants are starting to pay rents timely. However, despite these positive movements, the secured lenders who provided mezzanine loans to 3100 were unwilling to stop their April 15, 2021 foreclosure sale. As a result, 3100 and Plamex had no choice but to file their petitions to preserve their assets for the benefit of all constituencies.

11. I am advised and believe that the deadline for the Debtor to file its Schedules of Assets and Liabilities ("Schedules") and Statement of Financial Affairs ("SOFA") and any other documents required to be filed (collectively with the Schedules and SOFA, the "Required Documents"). is April 28, 2021.

12. In addition to addressing Chapter 11 transition issues during the first few weeks of its case (issues which are mostly unfamiliar to the Debtor), the Debtor will need to continue operating the Debtor's business in an orderly and efficient manner, respond to the a substantial amount of inquiries from the Debtor's tenants, the Debtor's creditors, and other parties in interest, and comply with all of the administrative requirements of the Office of the United States Trustee and the Court. Further, M+D has an extremely limited accounting/legal staff, comprised essentially of two individuals, who are qualified to assist in the preparation of the Required Documents, and who are also tasked with communicating with the Debtor's tenants and creditors regarding the bankruptcy case and ensuring that the Debtor's operations continue to run smoothly.

///
///
///
///

13. Given these demands on the Debtor, and the very limited staff available at the Debtor to comply with all of the Debtor's reporting and compliance requirements, I do not believe that the Debtor is equipped to compile the information and documentation necessary to accurately prepare the Debtor's Required Documents by April 28, 2021. I believe that, if the Debtor is forced to file its Required Documents by April 28, 2021, it is very likely that the Debtor will have to later revise or amend much of the documents.

14. Furthermore, I do not believe that any of the Debtor's creditors will be prejudiced by the extension of time requested in the Motion. I am advised and believe that the Debtor's Section 341(a) meeting of creditors is scheduled for May 20, 2021 (which is eight days after the proposed extended deadline for the Debtor to file its Required Documents). The Debtor has informed the attorney for the United States Trustee that the Debtor will be seeking an extension of time to file its Required Documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of April, 2021, at Lynwood, California.

_____
LUIS VALENZUELA

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **EX PARTE MOTION FOR AN ORDER EXTENDING TIME FOR PLAMEX INVESTMENT, LLC TO FILE SCHEDULES OF ASSETS AND LIABILITIES, STATEMENT OF FINANCIAL AFFAIRS, AND ALL OTHER REQUIRED DOCUMENTS; DECLARATION OF LUIS VALENZUELA IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 26, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Ron Bender    rb@lnbyb.com
- Amir Gamliel    amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- Monica Y Kim    myk@lnbrb.com, myk@ecf.inforuptcy.com
- Daniel A Lev    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- Juliet Y Oh    jyo@lnbrb.com, jyo@lnbrb.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com
- Jeffrey S Shinbrot    jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**: On **April 26, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service List continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 26, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 26, 2021 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              F 9013-3.1.PROOF.SERVICE