RON BENDER (SBN 143364)
MONICA Y. KIM (SBN 180139)
JULIET Y. OH (SBN 211414)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: RB@LNBYB.COM; MYK@LNBYB.COM; JYO@LNBYB.COM

Attorneys for Chapter 11 Debtors and
Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>PLAMEX INVESTMENT, LLC, a Delaware limited liability company,<br><br>      Debtor and Debtor in Possession.<br>———————————————————<br>In re:<br><br>3100 E. IMPERIAL INVESTMENT, LLC, a Delaware limited liability company,<br><br>      Debtor and Debtor in Possession.<br>———————————————————<br>☒ Affects both Debtors<br><br>☐ Affects Plamex Investment, LLC only<br><br>☐ Affects 3100 E. Imperial Investment, LLC only | Lead Case No.: 8:21-bk-10958-ES<br><br>Jointly administered with 3100 E. Imperial Investment, LLC (8:21-bk-10957-ES)<br><br>Chapter 11 Cases<br><br>**DEBTORS' JOINT CHAPTER 11 STATUS REPORT; DECLARATION OF LUIS C. VALENZUELA IN SUPPORT THEREOF**<br><br><u>Status Conference:</u><br>Date:     June 17, 2021<br>Time:     10:30 a.m.<br>Place:    ZoomGov |

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE, ALL SECURED CREDITORS, TWENTY LARGEST UNSECURED CREDITORS, AND ALL PARTIES WHO HAVE REQUESTED SPECIAL NOTICE IN THESE CASES:**

Plamex Investment, LLC, a Delaware limited liability company ("Plamex"), and 3100 E. Imperial Investment, LLC, a Delaware limited liability company ("3100," and together with Plamex, the "Debtors"), the debtors and debtors-in-possession in the above-captioned, jointly administered chapter 11 bankruptcy cases, hereby file their joint status report (the "Status Report") in compliance with this Court's *Order: (1) Setting Hearing On Status Of Chapter 11 Case; And (2) Requiring Report On Status Of Chapter 11 Case* [Doc. No. 38] (the "Status Conference Order") and in advance of the Chapter 11 status conferences scheduled on June 17, 2021.

**I.**

## DESCRIPTION OF DEBTORS AND THEIR PRINCIPAL ASSETS AND LIABILITIES

The Debtors each filed a voluntary petition for relief under Chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") on April 14, 2021 (the "Petition Date"). The Debtors are continuing to manage their financial affairs and operate their bankruptcy estates as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. The Court has approved the joint administration of the Debtors' cases [Doc. No. 15].

Plamex is the fee simple owner of "Plaza Mexico," a 403,242 square-foot community shopping center offering specialty retail and dining located in Lynwood, California just north of the 105 freeway (approximately 20 minutes from LAX). For over 20 years, Plaza Mexico has been a community landmark in Southern California. The premise behind Plaza Mexico is to represent the rich Latino heritage of the community and create an authentic Mexican cultural landscape through the incorporation of Mexican architecture, authentic building materials, notable monuments, and a forum to celebrate all Mexican fiestas. Currently, Plaza Mexico is occupied by tenants that include Food 4 Less, Rite Aid, Curacao, Chuck E. Cheese, and a wide variety of restaurants and retailers of

clothing, electronics, shoes, toys, jewelry, and furniture. The property also boasts a revenue-creating LED tower overlooking the I-105 Freeway.

Plamex is wholly owned by its sole member, 3100, one of the Debtors herein. Other than its membership interests in Plamex, 3100 does not have any other material assets. 3100 is wholly owned by an entity called Placo Investment, LLC ("Placo") and Placo is wholly owned by ISLT Investment, LLC ("ISLT").  Neither Placo nor ISLT has filed its own bankruptcy case.

**A.    _Secured Debts_.**

**1.    _Plamex - Senior Loans_.**

On June 16, 2016, Plamex, as borrower, obtained $106,000,000 in loans from Natixis, New York Branch ("Senior Loans"), secured by a "_Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing_" ("Deed of Trust") upon the Plaza Mexico real property, and liens upon substantially all other assets of Plamex purportedly perfected by, among other things, the recording of UCC-1 financing statements in the States of Delaware and California. The promissory note evidencing the Senior Loans was contemporaneously severed and split into six replacement promissory notes: Replacement Promissory Note A-1 for $28,000,000, Replacement Promissory Note A-2 for $20,000,000, Replacement Promissory Note A-3 for $20,000,000, Replacement Promissory Note A-4 for $20,000,000, Replacement Promissory Note A-5 for $10,000,000, and Replacement Promissory Note A-6 for $8,000,000 (collectively, the "Notes"). CWCapital Asset Management, LLC is the servicer ("Servicer") of all of the Notes, including the A-2 and A-3 Notes which are held by Wells Fargo Bank, National Association, as Trustee for Morgan Stanley Capital I Trust 2016-UBS11, Commercial Mortgage-Pass Through Certificates, Series 2016-UBS11 (the "Trust").

The Senior Loans mature on or about July 5, 2021. The Senior Loans accrue non-default interest at a fixed rate of 4.598%, and default interest rate that is the lesser of (i) maximum rate permitted by applicable law, or (ii) 5% above the regular rate. Plamex went into default on the Senior Loans in May 2020. Given the pandemic and the financial effects of the pandemic including Plamex's efforts to re-finance the Senior Loans which was in process during the Spring of 2020

when the pandemic suddenly hit, Plamex has requested, but the holders of the Notes refused, to extend the maturity date of the Senior Loans. Post-petition, Plamex is continuing its efforts to seek a further extension of the maturity date of the Senior Loans. As of the Petition Date, the holders of the Senior Loans contend that at least $107,779,709.71 in principal, interest, default interest, late charges, advances, administrative, liquidation and servicing fees and expenses, attorneys' fees, and other costs and expenses.

In June 2016, at the time of the Senior Loans, the Plaza Mexico property was appraised at approximately $184-187 million. Plamex is informed that, in October 2020, the Servicer of the Notes secured an appraisal of the Plaza Mexico property for $170 million.

### 2. *3100 - Mezzanine Loans.*

Concurrently with the Senior Loans, on June 16, 2016, 3100 obtained $14,000,000 in mezzanine loans also from Natixis, New York Branch ("Mezzanine Loans"). These Mezzanine Loans were also contemporaneously or subsequently sold, conveyed and assigned to Waterfall Olympic Fund Grantor Trust, Series III ("Waterfall") and Quarry Head 2017-1 Grantor Trust ("Quarry"). The Mezzanine Loans were primarily secured by a pledge of all of 3100's membership interest in and to Plamex pursuant to a "*Pledge and Security Agreement.*" The holders of the Mezzanine Loans also purportedly perfected their liens on substantially all assets of 3100 by the recording of UCC-1 financing statements in the States of Delaware and California.

Because 3100's ability to service its debt payments on the Mezzanine Loans also hinges on the performance of Plaza Mexico, which it was unable to do as a result of the pandemic and its financial effects, 3100 also went into default as to the Mezzanine Loans. Waterfall and Quarry sought to foreclose upon the pledge and lien upon 3100's membership interests in Plamex, with a UCC foreclosure sale scheduled for April 15, 2021 at 10:00 a.m. (EST). Plamex and 3100 commenced their bankruptcy cases to avoid foreclosure upon such membership interests and to preserve these interests and the Plaza Mexico property for all constituents.

4

Pursuant to an "*Intercreditor Agreement*" between Natixis, New York Branch with itself on behalf of the Senior Loans and the Mezzanine Loans, the Mezzanine Loans are, among other things, subordinated to the Senior Loans, including as to payment.

Plamex has minimal unsecured creditors which collectively are owed less than $200,000. 3100 has no unsecured creditors.

## II.

## EVENTS LEADING TO DEBTORS' BANKRUPTCY FILINGS

The Debtors' bankruptcies are the results of two primary factors: (i) substantial loss of rent revenue from Plamex's tenants due to the COVID-19 pandemic which caused the Debtors to default on their obligations to their secured lenders, and (ii) efforts by the secured lenders to foreclose on their collateral, including a foreclosure sale scheduled by the holders of the Mezzanine Loan for April 15, 2021 at 10:00 a.m. (EST) on the membership interests held by 3100 in Plamex.

More specifically, Plaza Mexico has not been immune to the financial effects of the COVID-19 pandemic. Due to government-imposed stay-at-home orders and related restrictions which started in March of 2020, Plaza Mexico's tenants were required to close and/or experienced a drastic loss of business, sales and income. Many of the tenants could and did not pay full or any rents to Plamex, which, in turn, resulted in a default by the Debtors to their secured lenders. The Debtors were in the process of re-financing at the time the pandemic hit, which halted the process. Recently, as California has started to ease restrictions, rent collections at Plaza Mexico have been brought almost back to pre-pandemic levels. There is an increase in foot traffic, and tenants are starting to pay rents timely. However, despite these positive movements, the holder of the Mezzanine Loan was unwilling to stop its April 15, 2021 foreclosure sale. As a result, 3100 and Plamex had no choice but to file their petitions to preserve their assets for the benefit of all constituencies.

## III.

## ISSUES WHICH WILL NEED TO BE ADDRESSED IN THE DEBTORS' CASES
## TO SUCCESSFULLY REORGANIZE

The Debtors strongly believe that they are well positioned to emerge from Chapter 11 successfully because the primary source of their financial difficulties over the past year – the financial effects caused by the pandemic – are improving through the rollout of vaccines, and easing of restrictions on businesses, congregation and travel. The Debtors' principals have been and continue to be in active discussions with many very interested replacement lenders, investors, partners and buyers, and intend to move expeditiously towards proposing plans of reorganization and/or sale of assets pursuant to Section 363 of the Bankruptcy Code which are in the best interests of all constituents of these cases. The Debtors' principals are diligently raising capital and have employed NAI Capital Commercial, Inc., a commercial real estate brokerage firm to explore the marketplace for potential sale and other financial and joint venture opportunities.

The repayment of the Senior Loans were personally guaranteed by Donald and Min Chae, two brothers who are also ultimately behind the Debtors.  Pre-petition, the Chae brothers were sued by lenders in connection with debt unrelated to the Debtors, however, shortly after the Petition Date, the holders of the Senior Loans also filed a complaint against the Chae brothers for recovery the Senior Loans which they personally guaranteed.  These actions may force the Chae brothers to file for bankruptcy protection themselves, which, are likely to impact the administration of these cases.

## IV.

## POST-PETITION ADMINISTRATION AND CASH COLLATERAL USE

Pursuant to a "*Management Agreement*" dated September 22, 2011 between Plamex and Greenland Property Management, LLC ("Greenland"), Plamex employed Greenland to rent, lease, operate and manage the Plaza Mexico property.  Greenland is an entity that is also ultimately owned by Donald and Min Chae.  Greenland, in conjunction with other property management companies owned by the Chae brothers, including M&D Properties (collectively, "Manager"), manage the day-to-day operations and affairs of the Plaza Mexico shopping center.

Plamex, Manager and the holders of the Senior Loans are also parties to a "*Deposit Account Agreement*" pursuant to which Plamex and Manager agreed that all rents from the property would be deposited and paid into a lockbox held at Wells Fargo Bank ("WFB"). A "*Deposit Account Control Agreement*" (*i.e.*, a "DACA") was executed between Plamex, Natixis, New York Branch, and WFB setting forth the rights of the parties with respect to the lockbox account.

As of the Petition Date, the balances in the lockbox and many other reserve accounts maintained by the Servicer on behalf of the holders of the Notes were approximately $4.5 million (collectively, the "Reserves"). As mandated by the Office of the United States Trustee ("OUST"), immediately following the filing of their bankruptcy petitions, the Debtors each opened their respective general, payroll and tax debtor in possession bank account ("DIP Accounts"). Outside of the Reserves, Plamex had cash totaling approximately $130,000 in its pre-petition bank accounts. Plamex took steps immediately after the Petition Date to close its pre-petition bank accounts, and to withdraw all funds contained in those pre-petition accounts so that such funds could be deposited into Plamex's newly-established DIP Accounts at Axos Bank.

On April 14, 2021, Plamex filed its emergency motion for authority to use cash collateral of the holders of the Senior Loans ("CC Motion") [Doc. Nos. 5-9] to operate its business on an interim basis pending a final hearing. The CC Motion did not seek Court approval to continue with the pre-petition cash management system (*i.e.*, use of the lockbox account held at WFB), as Plamex desired for all of the funds of the estate (primarily rents from Plaza Mexico) to be deposited and disbursed through its DIP Accounts with timely reporting as required by the OUST and other applicable Bankruptcy Code provisions and Bankruptcy Rules. The Court set a hearing on the emergency CC Motion for April 16, 2021.

Prior to the April 16, 2021 interim hearing on the CC Motion, Plamex obtained the consent of the holders of the Senior Loans for use of cash collateral on an interim basis based on agreed terms reflected in the interim order approving the CC Motion. The Court also set a final hearing on the CC Motion for May 11, 2021. Prior to the May 11, 2021 final hearing on the CC

Motion, Plamex and the holders of the Senior Loans entered into a written stipulation for use of cash collateral ("CC Stipulation") which provided for, among other things, authority for Plamex to use cash collateral through August 31, 2021 pursuant to a budget and other terms stated in the CC Stipulation.  The CC Stipulation also provided for Plamex to start making adequate protection payments to the holders of the Senior Loans, commencing on May 15, 2021 and by the 15th of every month thereafter, in an amount equal to the accrued interest at the non-default rate which is approximately $400,000 per month. The payments due in May and June 2021 are also to be paid from and funded out of the Reserves, with all payments thereafter to be paid from and funded out of Plamex's post-petition operations and cash. At the final hearing on May 11, 2021, the Court approved the CC Stipulation, and set a further hearing on the CC Motion for August 19, 2021.

## V.

## COMPLIANCE WITH REPORTING REQUIREMENTS

The Debtors believe that they are in substantial compliance with all of their duties under 11 U.S.C. §§ 521, 1106 and 1107, and all applicable guidelines of the OUST.

The Debtors have filed their 7-Day Package with the OUST on a timely basis on April 21, 2021. Subsequent to April 21, 2021, the Debtors have filed or supplied the OUST with supplements to their 7-Day Package to include additional required and requested information and documents.

The Debtors filed their *Ex Parte* Motion seeking an extension of time through May 12, 2021 to file their Schedules and Statement of Financial Affairs [Doc. No. 52] which was approved.  The Debtors timely filed their Schedules and Statement of Financial Affairs on May 12, 2021 [Doc. No. 74].

On May 3, 2021, the Debtors attended the Initial Debtor Interview conducted by the OUST.  Thereafter, on May 20, 2021, the Debtors attended their Section 341(a) meeting of creditors, which was also conducted by the OUST.

The Debtors will have their first monthly operating report (covering the post-petition period of April 14-30, 2021) filed with the Court prior to their status conferences.

# VI.

## EMPLOYMENT OF PROFESSIONALS

On May 10, 2021, the Debtors filed their application to employ Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB") as their bankruptcy counsel [Doc. No. 68]. No objections were filed to the proposed employment of LNBYB, and the Court entered an order approving the Debtors' application to employ LNBYB as its bankruptcy counsel on May 28, 2021 [Doc. No. 80].

The Debtors have not filed applications to employ any other professionals at this time, however, prior to the status conference, Plamex will have filed its application to employ NAI Capital Commercial, Inc. as its real estate broker to market and solicit offers for transactions associated with the Plaza Mexico property. The Debtors will promptly file with the Court applications to employ any other professionals.

# VII.

## OTHER INFORMATION REQUIRED BY STATUS CONFERENCE ORDER

**A.      Proposed Deadlines For Filing Proofs Of Claim And Objections To Claims.**

The Debtors respectfully request that the Court establish a deadline for creditors to file proofs of claim in the Debtors' bankruptcy cases ("Claims Bar Date") so that the Debtors may understand the total amount and types of claims that their creditors are asserting, and which claims will ultimately need to be accounted for in any plan of reorganization formulated and filed by the Debtors in their cases. The Debtors request that the Court establish Friday, August 20, 2021 as the Claims Bar Date in their cases so that the Debtors may provide at least sixty (60) days' written notice of the Claims Bar Date to all creditors and parties in interest. The Debtors will mail the written notice of the Claims Bar Date by not later than Monday, June 21, 2021.

The Debtors anticipate that their plans of reorganization will provide for a deadline by which objections to claims must be filed and, therefore, request that the Court not establish a deadline for filing objections to claims at this time. However, if the Court requires that such a

deadline be set now, the Debtors respectfully request that the deadline be set approximately 180 days after the Claims Bar Date.

**B.      Proposed Deadline For Filing Plan And Disclosure Statement.**

Although the Debtors hope to be in a position to file their plans of reorganization and disclosure statements within their current plan filing exclusivity period (*i.e.*, by August 12, 2021), in the event that the Debtors determine they require additional time to do so, the Debtors will file a motion seeking the entry of a Court order extending the exclusivity periods for the Debtors to file and solicit plans of reorganization pursuant to 11 U.S.C. § 1121(d).

Based on the foregoing, the Debtors respectfully requests that the Court not set deadlines for the filing of any disclosure statement and plan of reorganization at this time.

**C.      Significant Unexpired Leases And Executory Contracts.**

As Schedule G of Plamex's Schedules evidences, Plamex has mostly tenant leases (as landlord) and service agreements with vendors which provide a variety of services and goods for the maintenance and operation of the Plaza Mexico property.  In addition, a material contract that Plamex is a party to is its Management Agreement with Greenland. 3100 does not have any unexpired leases or executory contracts.

Dated:  June 3, 2021                              PLAMEX INVESTMENT, LLC
                                                   3100 E. IMPERIAL INVESTMENT, LLC


                                                   By:___*/s/ Monica Y. Kim*_____
                                                         RON BENDER
                                                         MONICA Y. KIM
                                                         JULIET Y. OH
                                                         LEVENE, NEALE, BENDER, YOO
                                                           & BRILL L.L.P.
                                                         Attorneys for Chapter 11 Debtors and
                                                         Debtors-in-Possession

## DECLARATION OF LUIS C. VALENZUELA

I, Luis C. Valenzuela, hereby declare as follows:

1.      I have personal knowledge of the facts set forth below and, if called to testify, I would and could competently testify thereto. I am the Executive Vice President of M&D Properties, which, together with its affiliated companies including Greenland Property Management, LLC (collectively, "Manager"), manages the day-to-day operations and affairs of the Plaza Mexico shopping center and property which is wholly owned by Plamex Investment, LLC, a Delaware limited liability company, and the chapter 11 debtor and debtor-in-possession herein ("Plamex"). I make this declaration in support of the Debtors' joing status report (the "Status Report") to which this declaration is attached.  All capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Status Report.

2.      In my capacity as the Executive Vice President of Manager, I am in charge of overseeing, supervising and monitoring all aspects of the Plaza Mexico shopping center, including leasing, collection of rents, financing, maintenance and repairs of the property, and security for the property.  I have been intimately involved in the development and operation of the shopping center for over 5 years.  I am therefore familiar with the business operations and financial records of the Debtors.

3.      The Debtors each filed a voluntary petition for relief under Chapter 11 of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") on April 14, 2021 (the "Petition Date"). The Debtors are continuing to manage their financial affairs and operate their bankruptcy estates as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.  The Court has approved the joint administration of the Debtors' cases [Doc. No. 15].

4.      Plamex is the fee simple owner of "Plaza Mexico," a 403,242 square-foot community shopping center offering specialty retail and dining located in Lynwood, California just north of the 105 freeway (approximately 20 minutes from LAX).  For over 20 years, Plaza Mexico has been a community landmark in Southern California. The premise behind Plaza Mexico is to represent the rich Latino heritage of the community and create an authentic Mexican cultural

landscape through the incorporation of Mexican architecture, authentic building materials, notable monuments, and a forum to celebrate all Mexican fiestas.  Currently, Plaza Mexico is occupied by tenants that include Food 4 Less, Rite Aid, Curacao, Chuck E. Cheese, and a wide variety of restaurants and retailers of clothing, electronics, shoes, toys, jewelry, and furniture.  The property also boasts a revenue-creating LED tower overlooking the I-105 Freeway.

5.      Plamex is wholly owned by its sole member, 3100, one of the Debtors herein. Other than its membership interests in Plamex, 3100 does not have any other material assets. 3100 is wholly owned by an entity called Placo Investment, LLC ("Placo") and Placo is wholly owned by ISLT Investment, LLC ("ISLT").  Neither Placo nor ISLT has filed its own bankruptcy case.

6.      On June 16, 2016, Plamex, as borrower, obtained $106,000,000 in loans from Natixis, New York Branch ("Senior Loans"), secured by a "*Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing*" ("Deed of Trust") upon the Plaza Mexico real property, and liens upon substantially all other assets of Plamex purportedly perfected by, among other things, the recording of UCC-1 financing statements in the States of Delaware and California. The promissory note evidencing the Senior Loans was contemporaneously severed and split into six replacement promissory notes: Replacement Promissory Note A-1 for $28,000,000, Replacement Promissory Note A-2 for $20,000,000, Replacement Promissory Note A-3 for $20,000,000, Replacement Promissory Note A-4 for $20,000,000, Replacement Promissory Note A-5 for $10,000,000, and Replacement Promissory Note A-6 for $8,000,000 (collectively, the "Notes"). CWCapital Asset Management, LLC is the servicer ("Servicer") of all of the Notes, including the A-2 and A-3 Notes which are held by Wells Fargo Bank, National Association, as Trustee for Morgan Stanley Capital I Trust 2016-UBS11, Commercial Mortgage-Pass Through Certificates, Series 2016-UBS11 (the "Trust").

7.      The Senior Loans mature on or about July 5, 2021. The Senior Loans accrue non-default interest at a fixed rate of 4.598%, and default interest rate that is the lesser of (i) maximum rate permitted by applicable law, or (ii) 5% above the regular rate. Plamex went into default on the Senior Loans in May 2020. Given the pandemic and the financial effects of the pandemic including

Plamex's efforts to re-finance the Senior Loans which was in process during the Spring of 2020 when the pandemic suddenly hit, Plamex has requested, but the holders of the Notes refused, to extend the maturity date of the Senior Loans.  Post-petition, Plamex is continuing its efforts to seek a further extension of the maturity date of the Senior Loans.  As of the Petition Date, the holders of the Senior Loans contend that at least $107,779,709.71 in principal, interest, default interest, late charges, advances, administrative, liquidation and servicing fees and expenses, attorneys' fees, and other costs and expenses.

8.    In June 2016, at the time of the Senior Loans, the Plaza Mexico property was appraised at approximately $184-187 million. Plamex is informed that, in October 2020, the Servicer of the Notes secured an appraisal of the Plaza Mexico property for $170 million.

9.    Concurrently with the Senior Loans, on June 16, 2016, 3100 obtained $14,000,000 in mezzanine loans also from Natixis, New York Branch ("Mezzanine Loans").  These Mezzanine Loans were also contemporaneously or subsequently sold, conveyed and assigned to Waterfall Olympic Fund Grantor Trust, Series III ("Waterfall") and Quarry Head 2017-1 Grantor Trust ("Quarry").  The Mezzanine Loans were primarily secured by a pledge of all of 3100's membership interest in and to Plamex pursuant to a "*Pledge and Security Agreement*."  The holders of the Mezzanine Loans also purportedly perfected their liens on substantially all assets of 3100 by the recording of UCC-1 financing statements in the States of Delaware and California.

10.    Because 3100's ability to service its debt payments on the Mezzanine Loans also hinges on the performance of Plaza Mexico, which it was unable to do as a result of the pandemic and its financial effects, 3100 also went into default as to the Mezzanine Loans.  Waterfall and Quarry sought to foreclose upon the pledge and lien upon 3100's membership interests in Plamex, with a UCC foreclosure sale scheduled for April 15, 2021 at 10:00 a.m. (EST).  Plamex and 3100 commenced their bankruptcy cases to avoid foreclosure upon such membership interests and to preserve these interests and the Plaza Mexico property for all constituents.

11.    Pursuant to an "*Intercreditor Agreement*" between Natixis, New York Branch with itself on behalf of the Senior Loans and the Mezzanine Loans, the Mezzanine Loans are, among

other things, subordinated to the Senior Loans, including as to payment.

12.    Plamex has minimal unsecured creditors which collectively are owed less than $200,000.  3100 has no unsecured creditors.

13.    The Debtors' bankruptcies are the results of two primary factors: (i) substantial loss of rent revenue from Plamex's tenants due to the COVID-19 pandemic which caused the Debtors to default on their obligations to their secured lenders, and (ii) efforts by the secured lenders to foreclose on their collateral, including a foreclosure sale scheduled by the holders of the Mezzanine Loan for April 15, 2021 at 10:00 a.m. (EST) on the membership interests held by 3100 in Plamex.

14.    More specifically, Plaza Mexico has not been immune to the financial effects of the COVID-19 pandemic.  Due to government-imposed stay-at-home orders and related restrictions which started in March of 2020, Plaza Mexico's tenants were required to close and/or experienced a drastic loss of business, sales and income.  Many of the tenants could and did not pay full or any rents to Plamex, which, in turn, resulted in a default by the Debtors to their secured lenders.  The Debtors were in the process of re-financing at the time the pandemic hit, which halted the process. Recently, as California has started to ease restrictions, rent collections at Plaza Mexico has been brought almost back to pre-pandemic levels.  There is an increase in foot traffic, and tenants are starting to pay rents timely.  However, despite these positive movements, the holder of the Mezzanine Loan was unwilling to stop its April 15, 2021 foreclosure sale.  As a result, 3100 and Plamex had no choice but to file their petitions to preserve their assets for the benefit of all constituencies.

15.    The Debtors strongly believe that they are well positioned to emerge from Chapter 11 successfully because the primary source of their financial difficulties over the past year – the financial effects caused by the pandemic – are improving through the rollout of vaccines, and easing of restrictions on businesses, congregation and travel.  The Debtors' principals have been and continue to be in active discussions with many very interested replacement lenders, investors, partners and buyers, and intend to move expeditiously towards proposing plans of reorganization and/or sale of assets pursuant to Section 363 of the Bankruptcy Code which are in the best interests

of all constituents of these cases.  The Debtors' principals are diligently raising capital, and have employed NAI Capital Commercial, Inc., a commercial real estate brokerage firm to explore the marketplace for potential sale and other financial and joint venture opportunities.

16.     The repayment of the Senior Loans were personally guaranteed by Donald and Min Chae, two brothers who are also ultimately behind the Debtors. Pre-petition, the Chae brothers were sued by lenders in connection with debt unrelated to the Debtors, however, shortly after the Petition Date, the holders of the Senior Loans also filed a complaint against the Chae brothers for recovery the Senior Loans which they personally guaranteed.  These actions may force the Chae brothers to file for bankruptcy protection themselves, which, are likely to impact the administration of these cases.

17.     Pursuant to a "*Management Agreement*" dated September 22, 2011 between Plamex and Greenland Property Management, LLC ("Greenland"), Plamex employed Greenland to rent, lease, operate and manage the Plaza Mexico property.  Greenland is an entity that is also ultimately owned by Donald and Min Chae. Greenland, in conjunction with other property management companies owned by the Chae brothers, including M&D Properties (collectively, "Manager"), manage the day-to-day operations and affairs of the Plaza Mexico shopping center.

18.     Plamex, Manager and the holders of the Senior Loans are also parties to a "*Deposit Account Agreement*" pursuant to which Plamex and Manager agreed that all rents from the property would be deposited and paid into a lockbox held at Wells Fargo Bank ("WFB").  A "*Deposit Account Control Agreement*" (*i.e.,* a "DACA") was executed between Plamex, Natixis, New York Branch, and WFB setting forth the rights of the parties with respect to the lockbox account.

19.     As of the Petition Date, the balances in the lockbox and many other reserve accounts maintained by the Servicer on behalf of the holders of the Notes were approximately $4.5 million (collectively, the "Reserves").  As mandated by the Office of the United States Trustee ("OUST"), immediately following the filing of their bankruptcy petitions, the Debtors each opened their respective general, payroll and tax debtor in possession bank account ("DIP Accounts"). Outside of the Reserves, Plamex had cash totaling approximately $130,000 in its pre-petition bank accounts.

Plamex took steps immediately after the Petition Date to close its pre-petition bank accounts, and to withdraw all funds contained in those pre-petition accounts so that such funds could be deposited into Plamex's newly-established DIP Accounts at Axos Bank.

20.    On April 14, 2021, Plamex filed its emergency motion for authority to use cash collateral of the holders of the Senior Loans ("CC Motion") [Doc. Nos. 5-9] to operate its business on an interim basis pending a final hearing. The CC Motion did not seek Court approval to continue with the pre-petition cash management system (*i.e.,* use of the lockbox account held at WFB), as Plamex desired for all of the funds of the estate (primarily rents from Plaza Mexico) to be deposited and disbursed through its DIP Accounts with timely reporting as required by the OUST and other applicable Bankruptcy Code provisions and Bankruptcy Rules. The Court set a hearing on the emergency CC Motion for April 16, 2021.

21.    Prior to the April 16, 2021 interim hearing on the CC Motion, Plamex obtained the consent of the holders of the Senior Loans for use of cash collateral on an interim basis based on agreed terms reflected in the interim order approving the CC Motion.  The Court also set a final hearing on the CC Motion for May 11, 2021. Prior to the May 11, 2021 final hearing on the CC Motion, Plamex and the holders of the Senior Loans entered into a written stipulation for use of cash collateral ("CC Stipulation") which provided for, among other things, authority for Plamex to use cash collateral through August 31, 2021 pursuant to a budget and other terms stated in the CC Stipulation.  The CC Stipulation also provided for Plamex to start making adequate protection payments to the holders of the Senior Loans, commencing on May 15, 2021 and by the 15th of every month thereafter, in an amount equal to the accrued interest at the non-default rate which is approximately $400,000 per month.  The payments due in May and June 2021 are also to be paid from and funded out of the Reserves, with all payments thereafter to be paid from and funded out of Plamex's post-petition operations and cash.  At the final hearing on May 11, 2021, the Court approved the CC Stipulation, and set a further hearing on the CC Motion for August 19, 2021.

22.    The Debtors believe that they are in substantial compliance with all of their duties under 11 U.S.C. §§ 521, 1106 and 1107, and all applicable guidelines of the OUST.

23.     The Debtors have filed their 7-Day Package with the OUST on a timely basis on April 21, 2021. Subsequent to April 21, 2021, the Debtors have filed or supplied the OUST with supplements to their 7-Day Package to include additional required and requested information and documents.

24.     The Debtors filed their *Ex Parte* Motion seeking an extension of time through May 12, 2021 to file their Schedules and Statement of Financial Affairs [Doc. No. 52] which was approved. The Debtors timely filed their Schedules and Statement of Financial Affairs on May 12, 2021 [Doc. No. 74].

25.     On May 3, 2021, the Debtors attended the Initial Debtor Interview conducted by the OUST.   Thereafter, on May 20, 2021, the Debtors attended their Section 341(a) meeting of creditors, which was also conducted by the OUST.

26.     The Debtors will have their first monthly operating report (covering the post-petition period of April 14-30, 2021) filed with the Court prior to their status conferences.

27.     On May 10, 2021, the Debtors filed their application to employ Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB") as their bankruptcy counsel [Doc. No. 68].  No objections were filed to the proposed employment of LNBYB, and the Court entered an order approving the Debtors' application to employ LNBYB as its bankruptcy counsel on May 28, 2021 [Doc. No. 80].

28.     The Debtors have not filed applications to employ any other professionals at this time, however, prior to the status conference, Plamex will have filed its application to employ NAI Capital Commercial, Inc. as its real estate broker to market and solicit offers for transactions associated with the Plaza Mexico property. The Debtors will promptly file with the Court applications to employ any other professionals.

29.      The Debtors respectfully request that the Court establish a deadline for creditors to file proofs of claim in the Debtors' bankruptcy cases ("Claims Bar Date") so that the Debtors may understand the total amount and types of claims that their creditors are asserting, and which claims will ultimately need to be accounted for in any plan of reorganization formulated and filed by the Debtors in their cases.  The Debtors request that the Court establish Friday, August 20, 2021 as the

Claims Bar Date in their cases so that the Debtors may provide at least sixty (60) days' written notice of the Claims Bar Date to all creditors and parties in interest. The Debtors will mail the written notice of the Claims Bar Date by not later than Monday, June 21, 2021.

30.    The Debtors anticipate that their plans of reorganization will provide for a deadline by which objections to claims must be filed and, therefore, request that the Court not establish a deadline for filing objections to claims at this time.  However, if the Court requires that such a deadline be set now, the Debtors respectfully request that the deadline be set approximately 180 days after the Claims Bar Date.

31.    Although the Debtors hope to be in a position to file their plans of reorganization and disclosure statements within their current plan filing exclusivity period (*i.e.*, by August 12, 2021), in the event that the Debtors determine they require additional time to do so, the Debtors will file a motion seeking the entry of a Court order extending the exclusivity periods for the Debtors to file and solicit plans of reorganization pursuant to 11 U.S.C. § 1121(d). Based on the foregoing, the Debtors respectfully requests that the Court not set deadlines for the filing of any disclosure statement and plan of reorganization at this time.

32.    As Schedule G of Plamex's Schedules evidences, Plamex has mostly tenant leases (as landlord) and service agreements with vendors which provide a variety of services and goods for the maintenance and operation of the Plaza Mexico property.  In addition, a material contract that Plamex is a party to is its Management Agreement with Greenland. 3100 does not have any unexpired leases or executory contracts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of June, 2021, at Buena Park, California.

LUIS C. VALENZUELA

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **Debtor's Joint Chapter 11 Status Report: Declaration of Luis C. Valenzuela in Support Thereof** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 3, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service List continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **June 3, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Honorable Erithe A. Smith.
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040 / Courtroom 5A
Santa Ana, CA 92701-4593

☒ Service List continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 3, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 3, 2021 | Jason Klassi | /s/ Jason Klassi |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
**F 9013-3.1.PROOF.SERVICE**

**8:21-bk-10958-ES Notice will be electronically mailed to:**

Ron Bender on behalf of Debtor 3100 E. Imperial Investment, LLC
rb@lnbyb.com

Ron Bender on behalf of Debtor Plamex Investment, LLC
rb@lnbyb.com

Amir Gamliel on behalf of Creditor Wells Fargo Bank, National Association, as Trustee for Morgan Stanley Capital I Trust 2016-UBS11, Commercial Mortgage Pass-through Certificates, Series 2016-UBS11, and on Behalf of the Holders of any
amir-gamliel-9554@ecf.pacerpro.com, cmallahi@perkinscoie.com;DocketLA@perkinscoie.com

Nancy S Goldenberg on behalf of U.S. Trustee United States Trustee (SA)
nancy.goldenberg@usdoj.gov

Monica Y Kim on behalf of Debtor 3100 E. Imperial Investment, LLC
myk@lnbrb.com, myk@ecf.inforuptcy.com

Monica Y Kim on behalf of Debtor Plamex Investment, LLC
myk@lnbrb.com, myk@ecf.inforuptcy.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Juliet Y Oh on behalf of Debtor 3100 E. Imperial Investment, LLC
jyo@lnbrb.com, jyo@lnbrb.com

Juliet Y Oh on behalf of Debtor Plamex Investment, LLC
jyo@lnbrb.com, jyo@lnbrb.com

Robert E Opera on behalf of Creditor Northgate Gonzalez Markets
ropera@wghlawyers.com, jmartinez@wghlawyers.com;mweinberg@wghlawyers.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, morani@ronaldrichards.com

Jeffrey S Shinbrot on behalf of Creditor Cross Creek Enterprises Inc.
jeffrey@shinbrotfirm.com, sandra@shinbrotfirm.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          **F 9013-3.1.PROOF.SERVICE**

Plamex and 3100
Secured, UST, Top 20, RSN

Office of the U.S. Trustee
Region 16
411 W 4th St #7160
Santa Ana, CA 92701

The Lynwood Redevelopment Agency
11330 Bullis Road
Lynwood, CA 90262

Wells Fargo Bank, N.A., as Trustee
Morgan Stanley Cap I Trust 2016-UBS
9062 Old Annapolis Road
Columbia, MD 21045

Perkins Coie LLP
2901 N. Central Ave., Suite 2000
Attn: Liana W. Spendlove
Phoenix, AZ 85012

CWCapital Asset Management
900 19th Street NW, 8th Floor
Attn: Ariel Levin/Jake Hamel
Washington, DC 20006

Natixis, New York Branch
1251 Avenue of the Americas
New York, NY 10020

Perkins Coie LLP
1888 Century Park East, Suite 1700
Attn: Mark Birnbaum
Los Angeles, CA 90067

Quarry Head 2017-1 Grantor Trust
c/o Waterfall Asset Management, LLC
1251 Ave. of the Americas, 50th Fl.
New York, NY 10020

c/o CWCapital Investments LLC
7501 Wisconsin Ave., Suite 500 West
Attn: Chris McCormack
Bethesda, MD 20814

c/o Keybank Real Estate Capital
11501 Outlook Street, Suite 300
Attn: Stephen J. Friedman
Overland Park, KS 66211

c/o Keybank Real Estate Capital
11501 Outlook Street, Suite 300
Attn: Timothy R. Gruenenfelder
Overland Park, KS 66211

Greenberg Traurig, PA
Attn: Laura Gangemi Vignola, Esq.
333 S.E. 2nd Avenue
Miami, FL 33131

Quarry Head 2017-1 Grantor Trust
c/o Waterfall Asset Management, LLC
1140 Ave. of the Americas, 7th Fl.
New York, NY 10036

WF 1105, LLC
c/o Waterfall Asset Management, LLC
Attention: General Counsel
1140 Ave of the Americas, 7th Fl
New York, New York 10036

Better & Best Building Service Inc.
1833 Avenida San Lorenzo
Fullerton, CA 92833

Bioncos La Huerta
8557 Orange Street
Downey, CA 90242

Autofin USA
3180 E. Imperial Hwy. #G
Lynwood, CA 90262

Family Acupuncture & Herb Clinic
3150 E. Imperial Hwy B8-206
Lynwood, CA 90262

Fashion Qrew
1324 E. Washington Blvd
Los Angeles, CA 90021

Bubbles Apparel
2839 Sycamore Avenue
La Crescenta, CA 91214

Grupo Concordia LA
5919 San Miguel Road
Bonita, CA 91902

Grupo Pakar LLC
9595 Six Pines Drive Suite 8210
The Woodlands, TX 77382

GTO Security
2202 S Figueroa Street, Suite 134
Los Angeles, CA 90017

Hip Hop Zone
3100 E. Imperial Hwy #1009
Lynwood, CA 90262

JPL Event Enterprise LLC
1238 South Beach Blvd
Anaheim, CA 92804

Happy Land
6732 Los Verdes Dr. #3
Rancho Palos Verdes, CA 90275

Pho VNK
3180 E. Imperial Hwy, Suite C
Lynwood, CA 90262

Planet Fitness
125 E. Elm Street, Suite 300
Conshohocken, PA 19428

Jose Alan Sandoval-Iniquez
15137 San Jose Ave
Paramount, CA 90723

The Kickin' Crab
3170 Imperial Hwy B4B102
Lynwood, CA 90262

Star Buffet Lynwood
11383 Long Beach Blvd
Lynwood, CA 90262

Real De Oaxaca
11215 Long Beach Blvd #1010
Lynwood, CA 90262

*Request for Special Notice*
Stephen T. Owens & Tania Ochoa
Alvarez-Glasman & Colvin
13181 Crossroads Parkway North
Suite 400, West Tower
City of Industry, CA 91746