David M. Neff, III, Bar. No. 6190202
(*admitted pro hac vice*)
DNeff@perkinscoie.com
Amir Gamliel, Cal. Bar No. 268121
AGamliel@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

Attorneys for Secured Creditor
Wells Fargo Bank, National Association, as Trustee
for Morgan Stanley Capital I Trust 2016-UBS11,
Commercial Mortgage Pass-through Certificates,
Series 2016-UBS11, and on Behalf of the Holders of
any Related Serviced Subordinate Companion Loan
or Serviced Companion Loan

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>PLAMEX INVESTMENT, LLC, a Delaware limited liability company,<br><br>Debtor. | Case No.  8:21-BK-10958-ES<br><br>Jointly administered with 3100 E. Imperial Investment, LLC (8:21-bk-10957-ES)<br><br>Chapter: 11 |
| In re<br><br>3100 E. IMPERIAL INVESTMENT, LLC, a Delaware limited liability company,<br><br>Debtor. | **SECURED CREDITOR'S APPLICATION FOR AN ORDER TO TAKE RULE 2004 EXAMINATIONS AND ISSUE DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>No hearing required pursuant to Rule 2004 and LBR 2004-1(d) |
| ☒  Affects both Debtors<br><br>☐  Affects Plamex Investment, LLC only<br><br>☐  Affects 3100 E. Imperial Investment only | |

Secured creditor Wells Fargo Bank, National Association, as Trustee for Morgan Stanley Capital I Trust 2016-UBS11, Commercial Mortgage Pass-through Certificates, Series 2016-UBS11, and on Behalf of the Holders of any Related Serviced Subordinate Companion Loan or Serviced Companion Loan ("**Secured Creditor**") respectfully moves this Court (the "***Application***") for entry of an order, pursuant to Federal Rule of Bankruptcy Procedure 2004, to: (a) conduct the examinations of (i) Debtors Plamex Investment, LLC and 3100 E. Imperial Investment LLC ("***Debtors***" or "***Borrower***") managing member, Donald Chae ("***Mr. Chae***"), who signed Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs as Debtor's Managing Member, and (ii) Luis C. Valenzuela ("***Mr. Valenzuela***"), who is identified as the day-to-day manager of the Plaza Mexico shopping center (the "***Property***"); and (b) compel the production of documents as requested in the Application. Secured Creditor respectfully requests that such examinations and production of documents be completed by no later than July 15, 2021. In compliance with Local Rule 2004-1, the Declaration of Amir Gamliel is attached hereto as **<u>Exhibit 1</u>**.

## I.    INTRODUCTION

Secured Creditor seeks to examine Mr. Chae and Mr. Valenzuela on matters concerning Debtors' acts, conduct, property, assets, liabilities, financial condition, cash flows and ability to reorganize, or on any other such matter which may affect Debtors' estate ("***Rule 2004 Examination***"). In particular, Secured Creditor endeavors to investigate Debtors' source of financial resources, the condition of the subject property, efforts to cure monetary and/or non-monetary defaults, Debtors' financial condition, valuation of assets, dealings with existing and expiring leases, property compliance with environmental laws, Debtors' ability to reorganize, Debtors' efforts to find new tenants for the subject property, Debtors' efforts to market the property, including the retention of a broker, and other issues that undoubtedly affect the administration of Debtors' estate. In addition, Secured Creditor intends to inquire into payments made to insiders within one year before bankruptcy.

Since there are no pending contested matters or adversary proceedings, Secured Creditor

152807778.3

cannot proceed with an examination under Federal Rules of Bankruptcy Procedure 7030 or 9014. Accordingly, Secured Creditor respectfully requests that this Court enter an order requiring Debtors, Mr. Chae and Mr. Valenzuela to appear for an examination and produce the documents requested herein pursuant to Federal Rule of Bankruptcy Procedure 2004.

## II.    STATEMENT OF FACTS

**A.    The Loan**

On or about June 16, 2016, Natixis, New York Branch, a direct branch of Natixis S.A., a societe anonyme a conseil d'administration (public limited company) organized and existing under the laws of France ("***Original Lender***") made a $106,000,000.00 loan (the "***Loan***") to Borrower. The Loan is evidenced by, among other instruments: (i) a Loan Agreement dated as of June 16, 2016 (the "***Loan Agreement***"), between the Borrower and Original Lender, (ii) a Promissory Note dated June 16, 2016, executed by the Borrowers in favor of Original Lender in the original principal sum of $106,000,000.00 (the "***Note***") and (iii) Replacement Promissory Note A-1 for $28,000,000.00, Replacement Promissory Note A-2 for $20,000,000.00, Replacement Promissory Note A-3 for $20,000,000.00, Replacement Promissory Note A-4 for $20,000,000.00, Replacement Promissory Note A-5 for $10,000,000.00 and Replacement Promissory Note A-6 for $8,000,000.00 (collectively, the "***Notes***"). CWCapital Asset Management, LLC is the special servicer ("***Special Servicer***") of all of the Notes, including the A-2 and A-3 Notes, which are held by Wells Fargo Bank, National Association, as Trustee for Morgan Stanley Capital I Trust 2016-UBS11, Commercial Mortgage Pass-Through Certificates, Series 2016-UBS11 (the "***Lead Trust***").

The Loan is secured by, among other things: (i) a Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing, dated as of June 16, 2016 (the "Deed of Trust"), executed by the Borrower, as trustor, in favor of Stewart Title of California, Inc., as trustee, for the benefit of Original Lender, as beneficiary; and (ii) an Assignment of Leases and Rents, dated June 16, 2016 (the "***Assignment of Rents***") executed by the Borrower, as assignor, in favor of Original Lender, as assignee.

In connection with the Loan, Borrower also entered into an Assignment and Subordination

of Management Agreement, dated as of June 16, 2016, for the benefit of Original Lender.

The Note, the Deed of Trust, the Assignment of Rents, and all other documents evidencing, securing or relating to the Loan are sometimes collectively referred to herein as the "**Loan Documents**."

**B.    The Loan is Assigned to Secured Creditor**

Effective as of June 16, 2016 Original Lender assigned the Loan Documents to Natixis Real Estate Capital LLC, a Delaware limited liability company ("**NREC**"), pursuant to (i) an Assignment of Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing and Assignment of Assignment of Leases and Rents (the "**NREC Assignment of DOT**"); (ii) an Assignment of Assignment of Leases and Rents the "**NREC Assignment of ALR**"); and (iii) an Assignment of Loan Documents made and entered into as of June 20, 2016. In addition, Original Lender endorsed the Notes in favor of NREC pursuant to Allonges A-1 through A-6 (the "**NREC Allonges**").

Effective as of August 25, 2016, NREC assigned the Loan Documents to Secured Creditor pursuant to (i) an Assignment of Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing and Assignment of Assignment of Leases and Rents (the "**Secured Creditor Assignment**"); (ii) an Assignment of Assignment of Leases and Rents (the "**Secured Creditor Assignment of ALR**"); and (iii) General Assignment of the Loan Documents. In addition, NREC endorsed the Notes in favor of Secured Creditor[1] pursuant to Allonges A1 through A-6 (the "**Secured Creditor Allonges**"). Accordingly, Secured Creditor is now the holder of the Notes, beneficiary under the Deed of Trust and secured party and/or assignee under all of the other Loan Documents.

---

[1] Allonges for Replacement Promissory Notes A-1 and A-6 were endorsed in favor of Wilmington Trust, National Association, as Trustee for the Benefit of the Registered Holders of SG Commercial Mortgage Securities Trust 2016- C5, Commercial Mortgage Pass-through Certificates, Series 2016-C5. Allonges to Replacement Promissory Notes A-2 and A-3 were endorsed in favor of the Lead Trust. Allonges for Replacement Promissory Notes A-4 and A-5 were endorsed in favor of Wilmington Trust, National Association, as Trustee for the Benefit of the Registered Holders of Wells Fargo Commercial Mortgage Trust 2016-NXS6, Commercial Mortgage Pass-through Certificates, Series 2016-NXS6. Pursuant to that certain Co-Lender Agreement, Secured Creditor is vested with the authority to pursue any and all enforcement action, including in this bankruptcy, in connection with or related to the Notes.

-5-    Application for Rule 2004 Examination

152807778.3

**C.    The Loan Obligations**

Pursuant to the Loan Documents, Borrower promised to pay to Secured Creditor monthly payments of interest by the fifth day of each month commencing on August 5, 2016, with the principal balance, along with all accrued but unpaid interest and other charges due and payable on July 5, 2021 (the "***Maturity Date***"). Section 8.1(a) of the Loan Agreement provides that an "***Event of Default***" shall occur if Borrower fails to pay any portion of the Debt (as defined therein) when due.

Additionally, in Section 2 of the Deed of Trust and Section 2 of the Assignment of Rents, Borrower made an absolute and unconditional assignment to the Original Lender of the Rents, subject to a revocable license for Borrower to collect and retain the Rents. Upon the occurrence of an Event of Default under the Loan Documents, the license granted to Borrower would be revoked automatically and Secured Creditor would be entitled to collect the rents.

Additionally, Section 5.7 of the Loan Agreement provides that Secured Creditor may enter upon the Property to conduct inspections of the Property and the activities conducted thereon to determine compliance with all environmental laws, the presence of hazardous materials, and the existence of any potential damages as a result of the condition of Property.

Section 3.9 of the Loan Agreement provides Secured Creditor with a security interest in all of Borrower's right, title and interest in and to all Rents and in and to all payments to or monies held in the Clearing Account, the Deposit Account and all Subaccounts (collectively, the "***Cash Management Accounts***"). Upon an "***Event of Default***," Secured Creditor is entitled to apply funds in the Cash Management Accounts in any order and in any manner as Secured Creditor shall elect in its discretion.

**D.    The Loan Defaults**

    **1.    Failure to Pay Indebtedness When Due Under the Loan Documents.**

Commencing on or about May 2020, an Event of Default by Borrower existed under the Loan Documents as a result of, among other things, Borrower's failure to timely make the full payments due under the Loan Documents. Accordingly, the Loan went into default on that date. As a result of Borrower's default, on or about October 21, 2020, Secured Creditor, through its

counsel, wrote a letter to Borrower (the "***Demand Letter***") providing formal notice to Borrower of the occurrence of an Event of Default and demanding all amounts due under the Loan.

As of the Petition Date, at least $107,779,709.71 in principal, interest, default interest, late charges, advances, administrative, liquidation and servicing fees and expenses, attorneys' fees, and other costs and expenses is due to Secured Creditor in accordance with the Loan Documents.

**E.    Debtor's Bankruptcy**

On April 14, 2021, Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code. Debtor is operating and managing the business as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

**F.    Need for Rule 2004 examination and written discovery**

Consistent with Local Rule 2004-1, counsel to Secured Creditor conferenced with Debtors' counsel in attempt to obtain an agreeable date, time, place and scope of the proposed examination and production, but was not able to reach an agreement. Accordingly, Secured Creditor has filed this 2004 Application. Secured Creditor will continue to work with Debtors' counsel to reach a mutually agreeable date and time for the examinations. By bringing this Motion, Secured Creditor endeavors to investigate further Debtors' financial condition, transactions with insiders, valuation of assets, dealings with existing and expiring leases, property compliance with environmental laws, efforts to cure non-monetary and monetary defaults, efforts to fill vacancies at the Property, efforts to identify an investor, lender and/or buyer for part or all of the Property, and Debtors' ability to reorganize. In that same regard, Secured Creditor aims to exercise its rights, in accordance with the Loan Documents, to inspect Debtor's documents relating to these matters.

Secured Creditor's inspection rights are clearly delineated in the Loan Documents. According to Sections 11 of the Deed of Trust, Secured Creditor is entitled to inspect the Property and Debtor's accounting books and records, including balance sheets, tax returns, quarterly operating statements, rent rolls, and any information necessary to determine whether Debtors are operating the Property in compliance with environmental laws. Although Debtors has provided Secured Creditor with some of its records, the Motion is necessary in order to obtain additional

documents relating to matters affecting the administration of Debtors' estate and to obtain the testimony, under oath, of Debtors' members.

### III.    DISCUSSION

#### A.    Legal Standard

Under Federal Rule of Bankruptcy Procedure 2004, the Court may order the examination of any entity, including Debtors, relating to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). Section 101 of the Bankruptcy Code defines an "entity" as any "person, estate, trust, governmental unit, and the United States trustee." 11 U.S.C. § 101.

Courts generally interpret the scope of examination allowed under Rule 2004 more broadly than discovery allowed under the Federal Rules of Civil Procedure. In fact, courts have held that discovery under Rule 2004 may even be used in the nature of a "fishing expedition." An examination under Rule 2004 may not be used, however, to unduly harass a witness or frivolously waste assets of the estate. *See, e.g., In re Duratech Indus.*, 241 B.R. 283 (E.D. N.Y. 1999); *accord In re Lufkin*, 255 B.R. 204 (Bankr. E.D. Tenn. 2000); *In re Szadkowski*, 198 B.R. 140 (Bankr. D. Md. 1996).

#### B.    Rule 2004 Examination is Warranted in this Case

Secured Creditor brings this Motion to examine the events and circumstances leading to Debtors' bankruptcy filing, and to better ascertain Debtors' financial condition, property condition and ability to reorganize. Specifically, Secured Creditor seeks information pertaining to Debtors as described on Attachment A hereto. As is evident from Attachment A, all such topics relate directly or indirectly to matters on which Rule 2004 examinations are entirely proper. Secured Creditor also requests that Debtors produce the documents described on Attachment B hereto in connection with the Rule 2004 Examination. As is evident from Attachment B, all such requested documents relate to Debtors' business and the topics described on Attachment A and are thus properly the subject of a Rule 2004 document request.

152807778.3

## IV.    CONCLUSION

For the foregoing reasons, Secured Creditor respectfully requests that this Court enter an order authorizing a Rule 2004 Examination of Mr. Chae and Mr. Valenzuela, and compelling Debtor to produce the documents requested herein at least three business days prior to the date of the examination.

DATED:  June 17, 2021 **PERKINS COIE LLP**

By: /s/ *Amir Gamliel*
David M. Neff, IL. Bar No. 6190202
(*admitted pro hac vice*)
Amir Gamliel, Bar No. 268121
AGamliel@perkinscoie.com

Attorneys for Secured Creditor
Wells Fargo Bank, National Association, as Trustee for Morgan Stanley Capital I Trust 2016-UBS11, Commercial Mortgage Pass-through Certificates, Series 2016-UBS11, and on Behalf of the Holders of any Related Serviced Subordinate Companion Loan or Serviced Companion Loan

152807778.3

# Exhibit 1

## DECLARATION OF AMIR GAMLIEL

1. I am an attorney at law, duly licensed to practice before all the courts of the State of California and before this Court. I am a Partner at Perkins Coie LLP, counsel for Wells Fargo Bank, National Association, as Trustee for Morgan Stanley Capital I Trust 2016-UBS11, Commercial Mortgage Pass-through Certificates, Series 2016-UBS11, and on Behalf of the Holders of any Related Serviced Subordinate Companion Loan or Serviced Companion Loan ("***Secured Creditor***").

2. The facts stated herein are based on my own personal knowledge. If called to testify, I could and would testify competently to the facts stated herein.

3. On June 15, 2021, prior to filing this Application, I conferred with Debtor's counsel concerning the date, time, place and scope of the proposed 2004 examinations. In addition to the conference, I have corresponded with Debtor's counsel regarding the topics of examination and the scope of the document production.

4. While Debtor's counsel indicated that they would discuss with their clients the proposed examinations and revert back with available dates, we were unable to decide on a mutually agreeable time and date prior to the filing of the Application. Accordingly, Secured Creditor filed the Application requesting that the Court order an examination must occur before July 15, 2021.

5. I will continue to work with Debtor's counsel to set an agreeable date and time for the 2004 examination and the document production deadline.

6. The examination cannot proceed under Rule 7030 and 9014 because no adversary proceeding or contested matter is currently pending through which information sought can be obtained.

7. I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Dated: June 17, 2021

/s/ Amir Gamliel
Amir Gamliel, Bar No. 268121
AGamliel@perkinscoie.com
Counsel for Secured Creditor

# ATTACHMENT A

## SUBJECTS FOR EXAMINATION

a. Debtors' financial condition;

b. Valuation of Debtors' assets, including any appraisals and/or broker's opinions of value obtained by Debtors pre- or post-petition;

c. Payments made by Debtors within one year of the Petition Date;

d. Dealings with existing, expiring and/or prospective leases;

e. Efforts to refinance, sell, and/or obtain additional investment in the Property;

f. Debtors' ability to reorganize;

g. The claims of Debtors' creditors;

h. Efforts to retain a broker to sell the Property;

i. The retention of NAI Capital Commercial; and

j. The documents produced pursuant to Attachment B.

152807778.3

## ATTACHMENT B

## DOCUMENTS REQUESTED

| | |
|---|---|
| **PROPOUNDING PARTY:** | Wells Fargo Bank, National Association, as Trustee for Morgan Stanley Capital I Trust 2016-UBS11, Commercial Mortgage Pass-through Certificates, Series 2016-UBS11, and on Behalf of the Holders of any Related Serviced Subordinate Companion Loan or Serviced Companion Loan ("*Secured Creditor*") |
| **RESPONDING PARTIES:** | Debtors Plamex Investment, LLC and 3100 E. Imperial Investment, LLC; Donald Che ("*Mr. Chae*") and Luis Valenzuela ("*Mr. Valenzuela*") |
| **SET NUMBER:** | One |

Secured Creditor requests, pursuant to Federal Rule of Bankruptcy Procedure 2004, that Responding Parties serve on Secured Creditor a verified, written response no later than three (3) business days before each Responding Party's examination, and produce for inspection and/or copying, the following described documents which are in the possession, custody, or control of Responding Parties and/or their respective attorneys of record.

## INSTRUCTIONS

A.   Please quote each Document Request before your response.

B.   Each request contained herein extends to any DOCUMENT in YOUR possession, custody or control. A DOCUMENT is deemed to be in YOUR possession, custody, or control if it is in YOUR physical custody <u>or</u> that of YOUR attorneys or representatives, or any of them, <u>or</u> if it is in the physical custody of any other person, and YOU or YOUR representatives (a) own such DOCUMENT in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such DOCUMENT; (c) have an understanding, express or implied, that YOU or YOUR representatives may use, inspect, examine, or copy such DOCUMENT on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such DOCUMENT when YOU or YOUR representatives sought to do so.

C.   Each DOCUMENT produced should be organized and labeled to correspond with each numbered request.

D.   DOCUMENTS must be produced in the order in which they appear in your files, and must not be shuffled or otherwise rearranged. Documents that in their original condition were stapled, clipped, or otherwise fastened together must be produced in such form.

E.   If any DOCUMENTS responsive to any demand have been lost, mutilated, or destroyed, so state and set forth the general nature of each such DOCUMENT, the author or the originator, each addressee, all individuals designated on the DOCUMENT to receive a copy or otherwise known to have received a copy, the date, title, and general subject matter of each such DOCUMENT, the present custodian of each copy thereof, the last known address of each such custodian, and the demand(s) to which the DOCUMENT would have been responsive.

F.   References in this Document Request to corporations and business entities are also references to the entities' officers, directors, agents, employees, and attorneys, and each and every branch, subdivision, or subsidiary of the entity.

**DEFINITIONS**

A.   As used herein, the terms "DEBTORS" or "BORROWER" refer to Debtors Plamex Investment LLC and 3100 E. Imperial Investment LLC, and their agents, representatives, affiliates, attorneys or others acting on its behalf.

B.   As used herein, "PROPERTY" refers to DEBTORS' property commonly referred to as the Plaza Mexico shopping center in Lynwood, California.

C.   As used herein, "PETITION DATE" refers to April 14, 2021, the date Debtors filed for bankruptcy protection.

D.   As used herein, "SECURED CREDITOR" refers to Wells Fargo Bank, National Association, as Trustee for Morgan Stanley Capital I Trust 2016-UBS11, Commercial Mortgage Pass-through Certificates, Series 2016-UBS11, and on Behalf of the Holders of any Related Serviced Subordinate Companion Loan or Serviced Companion Loan.

E.   As used herein, the words "DOCUMENT" and "DOCUMENTS" mean a writing (as defined in California Evidence Code section 250) and includes all written, printed or

-2-    Application for Rule 2004 Examination

152807778.3

electronic material (handwritten, typed, or otherwise reproduced) and includes any original, reproduction, or non-identical copy of any such material, without limitation, correspondence, memoranda, interoffice communications, notes, e-mails or other electronic messages, diaries, contract documents, business records, charts, graphs, drawings, plans, specifications, estimates, vouchers, permits, written ordinances, minutes of meetings, invoices, billings, checks, reports, studies, computer tapes or discs, movies, videotape recordings, photographs, negatives, slides, dictation belts, voice tapes, tape recordings, facsimiles, memoranda or notes of oral communications, tape records or transcripts thereof.

F. As used herein, the words "COMMUNICATION" and "COMMUNICATIONS" mean any meeting, conversation (face-to-face, telephonic, electronic or otherwise), discussion, e-mail, correspondence, message, tape-recorded message or other occurrences in which thoughts, opinions, or information are transmitted between or among two or more persons or between or among one or more persons and any electronic, photographic, or mechanical device or devices for receiving, transmitting, or storing data or other information.

G. As used herein, the words "ALL DOCUMENTS" means each and every DOCUMENT as above defined known to you and every such DOCUMENT that can be located or discovered by reasonably diligent efforts.

H. As used herein, the words "RELATE" or "RELATING TO" include concerning, referring to, alluding to, responding to, pertaining to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, and/or comprising.

I. The singular includes the plural and vice versa; the words "AND" and "OR" shall be both conjunctive and disjunctive; the word "ALL" means "ANY AND ALL"; the word "ANY" means "ANY AND ALL."

J. The relevant time period for these requests is January 1, 2020 to current unless otherwise indicated.

152807778.3

**DOCUMENTS REQUESTED**

**Request for Production No. 1**    All documents not yet produced that relate to the Debtors' financial condition, such as monthly cash flow reports, profit and loss statements, balance sheets, tax returns, bank statements, rent rolls, operating reports, and accounts payable and accounts receivable aging schedules for 2021.

**Request for Production No. 2**    All documents, including correspondence, that relate to the note receivable from Source at Beach, LLC in the amount of $10,395,409, as identified in the ISLT Investment, LLC and Subsidiaries Consolidated (Unaudited) Balance Sheet dated April 30, 2021 (the "***April Balance Sheet***").

**Request for Production No. 3**    All documents, including correspondence, that relate to the $71,192,658 that is "due from affiliates" and is identified as an "other asset" in the April Balance Sheet.

**Request for Production No. 4**    All documents, including correspondence, that relate to the $18,000,000 "Members' equity subject to mandatory redemption" that is scheduled as a liability in the April Balance Sheet.

**Request for Production No. 5**    All pre-petition and post-petition budgets, including drafts of budgets, prepared by the Debtors for 2020 and 2021.

**Request for Production No. 6**    All non-privileged documents, including correspondence, that relate to, or provide evidence of, the Debtors' efforts to obtain refinancing, third-party investors, and/or buyers in connection with the Property.

**Request for Production No. 7**    All documents, including correspondence, that relate to the value of the Property, or any portion thereof, including any appraisal reports and/or broker's opinions of value.

-4-    Application for Rule 2004 Examination

152807778.3

**Request for Production No. 8**    All documents, including correspondence, that relate to the possible retention of any loan broker or real estate broker or agent by the Debtors.

**Request for Production No. 9**    All documents, including correspondence, that relate to a potential sale of the Property, including, but not limited to, any listing, offering memorandum, letter of intent, memorandum of understanding, or similar documents relating to any sale, investment in, or refinancing of the Property.

**Request for Production No. 10**    A detailed breakdown of monthly revenue generated by leases on the Property in 2021 that identifies base rent, percentage rent, reimbursable revenue, CAM payments, and other revenue sources recoverable under the leases.

**Request for Production No. 11**    A detailed breakdown of monthly operating expenses for the Property in 2021, including insurance, repairs and maintenance, janitorial, utilities, management fee, marketing, professional fees, and other operating expenses.

**Request for Production No. 12**    All documents, including communications, that relate to renewal or extension of leases, forbearances, rent reductions, rent modifications, rent abatement, and/or plans for collecting past-due rent.  In particular, please provide a brief statement or summary regarding the status of negotiations or collection efforts with respect to each of the following leases/tenants:

- Mauro Valdez Sandoval (expired)
- S.M. Foot Wear (expired)
- Pescaderia y Cocina (expired)
- Diana Roman (expired)
- Bionicos La Huerta (expired)
- Food 4 Less
- Real De Oaxaca
- Bubbles Apparel
- Star Buffet Lynwood
- JPL Event Enterprises
- Pho VNK
- Marquez Trading
- Rinconcito Poblano
- Say Cheese Photo
- Nueva Vision
- New Trends Cloth
- Planet Fitness
- La Huasteca
- COMEX Korean BBQ LLC

**Request for Production No. 13**    An accounts receivable aging schedule for all tenants on the Property, which should identify all tenants that did and did not pay April 2021 rent.

**Request for Production No. 14**    All documents, including communications, that relate to the Debtors' efforts to secure new or amended leases for the Property.

**Request for Production No. 15**    All documents, including communications, regarding efforts to lease any vacant spaces at the Property.

**Request for Production No. 16**    All documents that refer to any post-petition projections as to future cash flow that is expected from the Property.

**Request for Production No. 17**    All real estate tax bills for 2020 and 2021 that the Debtors have received in connection with the Property.

**Request for Production No. 18**    All documents, including correspondence, that relate to payments or distributions made by the Debtors to insiders (as defined by Section 101(31) of the Bankruptcy Code) or non-debtor affiliates during the two-year period prior to the Debtors' bankruptcy filings, including, but not limited to, internal communications regarding payments, distributions, dividends, invoices, and agreements.

**Request for Production No. 19**    All documents, including correspondence, that relate to payments made by the Debtors to legal professionals in connection with services provided to non-debtor affiliates during the one-year period prior to the Debtors' bankruptcy filing.

**Request for Production No. 20**    All non-privileged documents, including correspondence, that relate to 3100 E. Imperial Investment, LLC's default(s) under the Mezzanine Loan Agreement dated as of June 16, 2016, between 3100 E. Imperial Investment, LLC, as Borrower, and Natixis, New York Branch, as Secured Creditor, including documents that relate to the lender exercising any default remedies or agreeing to any forbearance(s), and/or documents that relate to the borrower applying for refinancing of the mezzanine loan.

**Request for Production No. 21**    All environmental reports, including Phase I and Phase II environmental studies, prepared in connection with the Property.

**Request for Production No. 22**    All documents, including correspondence, that relate to any claims, causes of action, obligations, demands, lawsuits, threatened lawsuits, and liabilities, sounding in contract or in tort, in law or in equity, that have been tendered to the Debtors since April 2020.

**Request for Production No. 23**    All property management agreements, including amendments thereto, that relate to the Property.

**Request for Production No. 24**    All documents, including correspondence, that relate to the ($1,080,000) preferred return identified in the ISLT Investment, LLC and Subsidiaries Consolidated Statement of Operations for the fourth months ended April 30, 2021.

**Request for Production No. 25**    All documents, including correspondence, that relate to the Debtors' capital expenditure plans for the Property.

**Request for Production No. 26**    A corporate organizational chart that relates to the Debtors and their non-debtor affiliates.

**Request for Production No. 27**    Any property condition report(s) that relate to the Property.

**Request for Production No. 28**    Any correspondence with potential brokers (including, but not limited to NAI Capital Commercial) relating to a retention or agreement to sell the Property.

[*Remainder of Page Intentionally Left Blank*]