David M. Neff, III, Bar. No. 6190202
(admitted pro hac vice)
DNeff@perkinscoie.com
Amir Gamliel, Bar No. 268121
AGamliel@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Secured Creditor
Wells Fargo Bank, National Association, as Trustee
for Morgan Stanley Capital I Trust 2016-UBS11,
Commercial Mortgage Pass-through Certificates,
Series 2016-UBS11, and on Behalf of the Holders of
any Related Serviced Subordinate Companion Loan
or Serviced Companion Loan

**FILED & ENTERED**

**JUN 22 2021**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** duarte **DEPUTY CLERK**

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>PLAMEX INVESTMENT, LLC, a Delaware limited liability company,<br><br>Debtor. | Case No. 8:21-BK-10958-ES<br><br>Jointly administered with 3100 E. Imperial Investment, LLC (8:21-bk-10957-ES)<br><br>Chapter: 11 |
| In re<br><br>3100 E. IMPERIAL INVESTMENT, LLC, a Delaware limited liability company,<br><br>Debtor. | **ORDER GRANTING APPLICATION FOR ORDER AUTHORIZING SECURED CREDITOR TO TAKE RULE 2004 EXAMINATIONS AND ISSUE DISCOVERY**<br><br>No hearing required pursuant to Rule 2004 and LBR 2004-1(d)<br><br>**Deadline for 2004 Examination:**<br>**Date:** July 15, 2021 |
| ☒ Affects both Debtors<br><br>☐ Affects Plamex Investment, LLC only<br><br>☐ Affects 3100 E. Imperial Investment only | |

ORDER AUTHORIZING SECURED
CREDITOR TO TAKE 2004 EXAMINATIONS
AND ISSUE DISCOVERY

152852028.2

The Court having duly considered Secured Creditor's Application for Order Authorizing 2004 Examinations and Issue Discovery Pursuant to Fed. R. Bankr. P. 2004 ("Application") filed on June 17, 2021, and having determined that the notice of the Application was reasonable and appropriate under the circumstances, and good cause appearing therefor:

**IT IS HEREBY ORDERED** that the Application is GRANTED.

**IT IS FURTHER ORDERED** that Secured Creditor may examine Mr. Chae and Mr. Valenzuela regarding the topics set forth in Attachment A. The examinations shall be completed no later than July 15, 2021 (the "Examination Date"), or on some other date as agreed upon by the parties, with such examination occurring in person or remotely via video conference.

**IT IS FURTHER ORDERED** that Debtor, Mr. Chae, and/or Mr. Valenzuela (as applicable) must deliver to Secured Creditor's counsel all documents responsive to the requests set forth in Attachment B at least three business days prior to the date they are examined.

**IT IS FURTHER ORDERED** this order is without prejudice to a motion for a protective order as provided for in LBR 7026-1(c) or other relief as permitted by law.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over any and all matters arising from or related to the interpretation and/or implementation of this Order.

###

Date: June 22, 2021

Erithe Smith
United States Bankruptcy Judge

-2- ORDER AUTHORIZING SECURED CREDITOR TO TAKE 2004 EXAMINATIONS AND ISSUE DISCOVERY

152852028.2

# ATTACHMENT A

# SUBJECTS FOR EXAMINATION

a. Debtors' financial condition;

b. Valuation of Debtors' assets, including any appraisals and/or broker's opinions of value obtained by Debtors pre- or post-petition;

c. Payments made by Debtors within one year of the Petition Date;

d. Dealings with existing, expiring and/or prospective leases;

e. Efforts to refinance, sell, and/or obtain additional investment in the Property;

f. Debtors' ability to reorganize;

g. The claims of Debtors' creditors;

h. Efforts to retain a broker to sell the Property;

i. The retention of NAI Capital Commercial; and

j. The documents produced pursuant to Attachment B.

## ATTACHMENT B

## DOCUMENTS REQUESTED

| | |
|---|---|
| **PROPOUNDING PARTY:** | Wells Fargo Bank, National Association, as Trustee for Morgan Stanley Capital I Trust 2016-UBS11, Commercial Mortgage Pass-through Certificates, Series 2016-UBS11, and on Behalf of the Holders of any Related Serviced Subordinate Companion Loan or Serviced Companion Loan ("***Secured Creditor***") |
| **RESPONDING PARTIES:** | Debtors Plamex Investment, LLC and 3100 E. Imperial Investment, LLC; Donald Che ("***Mr. Chae***") and Luis Valenzuela ("***Mr. Valenzuela***") |
| **SET NUMBER:** | One |

Secured Creditor requests, pursuant to Federal Rule of Bankruptcy Procedure 2004, that Responding Parties serve on Secured Creditor a verified, written response no later than three (3) business days before each Responding Party's examination, and produce for inspection and/or copying, the following described documents which are in the possession, custody, or control of Responding Parties and/or their respective attorneys of record.

## INSTRUCTIONS

A. Please quote each Document Request before your response.

B. Each request contained herein extends to any DOCUMENT in YOUR possession, custody or control.  A DOCUMENT is deemed to be in YOUR possession, custody, or control if it is in YOUR physical custody <u>or</u> that of YOUR attorneys or representatives, or any of them, <u>or</u> if it is in the physical custody of any other person, and YOU or YOUR representatives (a) own such DOCUMENT in whole or in part; (b) have a right by contract, statute, or otherwise to use, inspect, examine, or copy such DOCUMENT; (c) have an understanding, express or implied, that YOU or YOUR representatives may use, inspect, examine, or copy such DOCUMENT on any terms; or (d) have, as a practical matter, been able to use, inspect, examine, or copy such DOCUMENT when YOU or YOUR representatives sought to do so.

C. Each DOCUMENT produced should be organized and labeled to correspond with each numbered request.

D. DOCUMENTS must be produced in the order in which they appear in your files, and must not be shuffled or otherwise rearranged. Documents that in their original condition were stapled, clipped, or otherwise fastened together must be produced in such form.

E. If any DOCUMENTS responsive to any demand have been lost, mutilated, or destroyed, so state and set forth the general nature of each such DOCUMENT, the author or the originator, each addressee, all individuals designated on the DOCUMENT to receive a copy or otherwise known to have received a copy, the date, title, and general subject matter of each such DOCUMENT, the present custodian of each copy thereof, the last known address of each such custodian, and the demand(s) to which the DOCUMENT would have been responsive.

F. References in this Document Request to corporations and business entities are also references to the entities' officers, directors, agents, employees, and attorneys, and each and every branch, subdivision, or subsidiary of the entity.

**DEFINITIONS**

A. As used herein, the terms "DEBTORS" or "BORROWER" refer to Debtors Plamex Investment LLC and 3100 E. Imperial Investment LLC, and their agents, representatives, affiliates, attorneys or others acting on its behalf.

B. As used herein, "PROPERTY" refers to DEBTORS' property commonly referred to as the Plaza Mexico shopping center in Lynwood, California.

C. As used herein, "PETITION DATE" refers to April 14, 2021, the date Debtors filed for bankruptcy protection.

D. As used herein, "SECURED CREDITOR" refers to Wells Fargo Bank, National Association, as Trustee for Morgan Stanley Capital I Trust 2016-UBS11, Commercial Mortgage Pass-through Certificates, Series 2016-UBS11, and on Behalf of the Holders of any Related Serviced Subordinate Companion Loan or Serviced Companion Loan.

-2- ORDER AUTHORIZING SECURED CREDITOR TO TAKE 2004 EXAMINATIONS AND ISSUE DISCOVERY

152852028.2

E. As used herein, the words "DOCUMENT" and "DOCUMENTS" mean a writing (as defined in California Evidence Code section 250) and includes all written, printed or electronic material (handwritten, typed, or otherwise reproduced) and includes any original, reproduction, or non-identical copy of any such material, without limitation, correspondence, memoranda, interoffice communications, notes, e-mails or other electronic messages, diaries, contract documents, business records, charts, graphs, drawings, plans, specifications, estimates, vouchers, permits, written ordinances, minutes of meetings, invoices, billings, checks, reports, studies, computer tapes or discs, movies, videotape recordings, photographs, negatives, slides, dictation belts, voice tapes, tape recordings, facsimiles, memoranda or notes of oral communications, tape records or transcripts thereof.

F. As used herein, the words "COMMUNICATION" and "COMMUNICATIONS" mean any meeting, conversation (face-to-face, telephonic, electronic or otherwise), discussion, e-mail, correspondence, message, tape-recorded message or other occurrences in which thoughts, opinions, or information are transmitted between or among two or more persons or between or among one or more persons and any electronic, photographic, or mechanical device or devices for receiving, transmitting, or storing data or other information.

G. As used herein, the words "ALL DOCUMENTS" means each and every DOCUMENT as above defined known to you and every such DOCUMENT that can be located or discovered by reasonably diligent efforts.

H. As used herein, the words "RELATE" or "RELATING TO" include concerning, referring to, alluding to, responding to, pertaining to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, constituting, and/or comprising.

I. The singular includes the plural and vice versa; the words "AND" and "OR" shall be both conjunctive and disjunctive; the word "ALL" means "ANY AND ALL"; the word "ANY" means "ANY AND ALL."

J. The relevant time period for these requests is January 1, 2020 to current unless otherwise indicated.

## DOCUMENTS REQUESTED

**Request for Production No. 1**   All documents not yet produced that relate to the Debtors' financial condition, such as monthly cash flow reports, profit and loss statements, balance sheets, tax returns, bank statements, rent rolls, operating reports, and accounts payable and accounts receivable aging schedules for 2021.

**Request for Production No. 2**   All documents, including correspondence, that relate to the note receivable from Source at Beach, LLC in the amount of $10,395,409, as identified in the ISLT Investment, LLC and Subsidiaries Consolidated (Unaudited) Balance Sheet dated April 30, 2021 (the "*April Balance Sheet*").

**Request for Production No. 3**   All documents, including correspondence, that relate to the $71,192,658 that is "due from affiliates" and is identified as an "other asset" in the April Balance Sheet.

**Request for Production No. 4**   All documents, including correspondence, that relate to the $18,000,000 "Members' equity subject to mandatory redemption" that is scheduled as a liability in the April Balance Sheet.

**Request for Production No. 5**   All pre-petition and post-petition budgets, including drafts of budgets, prepared by the Debtors for 2020 and 2021.

**Request for Production No. 6**   All non-privileged documents, including correspondence, that relate to, or provide evidence of, the Debtors' efforts to obtain refinancing, third-party investors, and/or buyers in connection with the Property.

**Request for Production No. 7**    All documents, including correspondence, that relate to the value of the Property, or any portion thereof, including any appraisal reports and/or broker's opinions of value.

**Request for Production No. 8**    All documents, including correspondence, that relate to the possible retention of any loan broker or real estate broker or agent by the Debtors.

**Request for Production No. 9**    All documents, including correspondence, that relate to a potential sale of the Property, including, but not limited to, any listing, offering memorandum, letter of intent, memorandum of understanding, or similar documents relating to any sale, investment in, or refinancing of the Property.

**Request for Production No. 10**    A detailed breakdown of monthly revenue generated by leases on the Property in 2021 that identifies base rent, percentage rent, reimbursable revenue, CAM payments, and other revenue sources recoverable under the leases.

**Request for Production No. 11**    A detailed breakdown of monthly operating expenses for the Property in 2021, including insurance, repairs and maintenance, janitorial, utilities, management fee, marketing, professional fees, and other operating expenses.

**Request for Production No. 12**    All documents, including communications, that relate to renewal or extension of leases, forbearances, rent reductions, rent modifications, rent abatement, and/or plans for collecting past-due rent.  In particular, please provide a brief statement or summary regarding the status of negotiations or collection efforts with respect to each of the following leases/tenants:

- Mauro Valdez Sandoval (expired)
- S.M. Foot Wear (expired)
- Pescaderia y Cocina (expired)
- Diana Roman (expired)
- Bionicos La Huerta (expired)

- Pho VNK
- Marquez Trading
- Rinconcito Poblano
- Say Cheese Photo
- Nueva Vision

-5-    ORDER AUTHORIZING SECURED CREDITOR TO TAKE 2004 EXAMINATIONS AND ISSUE DISCOVERY

152852028.2

- Food 4 Less
- Real De Oaxaca
- Bubbles Apparel
- Star Buffet Lynwood
- JPL Event Enterprises
- New Trends Cloth
- Planet Fitness
- La Huasteca
- COMEX Korean BBQ LLC

**Request for Production No. 13**    An accounts receivable aging schedule for all tenants on the Property, which should identify all tenants that did and did not pay April 2021 rent.

**Request for Production No. 14**    All documents, including communications, that relate to the Debtors' efforts to secure new or amended leases for the Property.

**Request for Production No. 15**    All documents, including communications, regarding efforts to lease any vacant spaces at the Property.

**Request for Production No. 16**    All documents that refer to any post-petition projections as to future cash flow that is expected from the Property.

**Request for Production No. 17**    All real estate tax bills for 2020 and 2021 that the Debtors have received in connection with the Property.

**Request for Production No. 18**    All documents, including correspondence, that relate to payments or distributions made by the Debtors to insiders (as defined by Section 101(31) of the Bankruptcy Code) or non-debtor affiliates during the two-year period prior to the Debtors' bankruptcy filings, including, but not limited to, internal communications regarding payments, distributions, dividends, invoices, and agreements.

**Request for Production No. 19**    All documents, including correspondence, that relate to payments made by the Debtors to legal professionals in connection with services provided to non-debtor affiliates during the one-year period prior to the Debtors' bankruptcy filing.

**Request for Production No. 20**   All non-privileged documents, including correspondence, that relate to 3100 E. Imperial Investment, LLC's default(s) under the Mezzanine Loan Agreement dated as of June 16, 2016, between 3100 E. Imperial Investment, LLC, as Borrower, and Natixis, New York Branch, as Secured Creditor, including documents that relate to the lender exercising any default remedies or agreeing to any forbearance(s), and/or documents that relate to the borrower applying for refinancing of the mezzanine loan.

**Request for Production No. 21**   All environmental reports, including Phase I and Phase II environmental studies, prepared in connection with the Property.

**Request for Production No. 22**   All documents, including correspondence, that relate to any claims, causes of action, obligations, demands, lawsuits, threatened lawsuits, and liabilities, sounding in contract or in tort, in law or in equity, that have been tendered to the Debtors since April 2020.

**Request for Production No. 23**   All property management agreements, including amendments thereto, that relate to the Property.

**Request for Production No. 24**   All documents, including correspondence, that relate to the ($1,080,000) preferred return identified in the ISLT Investment, LLC and Subsidiaries Consolidated Statement of Operations for the fourth months ended April 30, 2021.

**Request for Production No. 25**   All documents, including correspondence, that relate to the Debtors' capital expenditure plans for the Property.

**Request for Production No. 26**   A corporate organizational chart that relates to the Debtors and their non-debtor affiliates.

**Request for Production No. 27**   Any property condition report(s) that relate to the Property.

ORDER AUTHORIZING SECURED CREDITOR TO TAKE 2004 EXAMINATIONS AND ISSUE DISCOVERY

152852028.2

1     **Request for Production No. 28**    Any correspondence with potential brokers (including, but not limited to NAI Capital Commercial) relating to a retention or agreement to sell the Property.

-8-

ORDER AUTHORIZING SECURED
CREDITOR TO TAKE 2004 EXAMINATIONS
AND ISSUE DISCOVERY

152852028.2