MAYER BROWN LLP
BRONWYN F. POLLOCK (SBN 210912)
  bpollock@mayerbrown.com
KERI E. BORDERS (SBN 194015)
  kborders@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, CA  90071-1503
Telephone: (213) 229-9500
Facsimile:  (213) 625-0248

MAYER BROWN LLP
THOMAS S. KIRIAKOS (admitted *pro hac vice*)
  tkiriakos@mayerbrown.com
CRAIG E. REIMER (admitted *pro hac vice*)
  creimer@mayerbrown.com
ALEXANDER F. BERK (admitted *pro hac vice*)
  aberk@mayerbrown.com
71 South Wacker Drive
Chicago, IL 60606-7463
Telephone:    (312) 782-0600
Facsimile:    (312) 701-7711

Attorneys for Quarry Head 2017-1 Grantor Trust, WF I105, LLC, and Waterfall Asset Management

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>PLAMEX INVESTMENT, LLC, a Delaware limited liability company,<br><br>Debtor.<br><br>In re<br><br>3100 E. IMPERIAL INVESTMENT, LLC, a Delaware limited liability company,<br><br>Debtor. | Lead Case No.: 8:21-bk-10958-ES<br><br>CHAPTER: 11<br><br>Jointly Administered with:<br><br>Case No. 8:21-bk-10957-ES<br><br>**JOINDER TO LENDER'S OBJECTION TO MOTION FURTHER EXTENDING DEBTORS' EXCLUSIVE PERIOD TO FILE PLAN OF REORGANIZATION AND OBTAIN ACCEPTANCE THEREOF**<br><br>Courtroom: Courtroom 5A<br>Judge: Hon. Erithe A. Smith |

☒ Affects both Debtors

☐ Affects Plamex Investment, LLC only

☐ Affects 3100 E. Imperial Investment only

Secured creditor and party-in-interest Quarry Head 2017-1 Grantor Trust ("**Quarry Head**") and parties-in-interest WF I105, LLC ("**WF I105**") and Waterfall Asset Management, in its capacity as the appointed manager of Quarry Head and WF I105 ("**WAM**" and collectively with Quarry Head and WF I105, the "**Waterfall Parties**"), by and through their undersigned counsel, hereby submit this joinder (the "**Joinder**") to that certain *Lender's Objection to Motion Further Extending Debtors' Exclusive Periods to File Plan of Reorganization and Obtain Acceptance Thereof* (the "**Objection**") filed on September 15, 2021 [Docket No. 147] by Wells Fargo Bank, National Association as Trustee for Morgan Stanley Capital I Trust 2016-UBS11, Commercial Mortgage Pass-through Certificates, Series 2016-UBS11 ("**Wells Fargo**"). Capitalized terms used herein but not defined have the same meaning as in Wells Fargo's Objection. In support of this Joinder, the Waterfall Parties state as follows:

1. As shown on Schedules D and E/F filed by 3100 E. Imperial Investment LLC ("**3100**") on April 28, 2021 [Docket No. 19], Quarry Head is the only non-insider creditor of 3100. On August 18, 2021, Quarry Head filed a proof of claim against 3100, indicating that the value of Quarry Head's pre-petition claim against 3100 is no less than $18,612,138.05. As it has done throughout the pendency of 3100's chapter 11 case, Quarry Head maintains that it is oversecured and, accordingly, pursuant to section 506(b) of the Bankruptcy Code, interest and fees have continued to accrue on Quarry Head's mezzanine loan with 3100 since the April 15, 2021 petition date.

2. Throughout 3100's and Plamex Investment LLC's ("**Plamex**" and collectively with 3100, the "**Debtors**") chapter 11 bankruptcy cases, the Waterfall Parties have shared Wells Fargo's

concern that the Debtors are not genuinely committed to pursuing a value maximizing sale of the Plaza Mexico property. Not only, as Wells Fargo points out, have the Debtors received four bids for the Plaza Mexico property, any one of which could form the predicate for a Chapter 11 plan providing for payment in full of all allowed claims against both Debtors, but the Waterfall Parties believe that the minimum fair market value of the Plaza Mexico property is significantly in excess of the highest of such four bids. Accordingly, the Waterfall Parties made a proposal to the Debtors that will ensure a competitive sale process for the Plaza Mexico property at a minimum gross sale price well in excess of such highest bid that will maximize the value received for the Plaza Mexico property. The Waterfall Parties' plan proposal will provide a myriad of benefits to the Debtors' estates and all stakeholders, including ensuring that all allowed creditor claims of both Debtors are paid or otherwise satisfied in full, providing for a meaningful distribution to the holders of the equity interests in 3100, and reducing costs to the Debtors' estates of remaining in chapter 11 (such as through the avoidance of the continued accrual of interest and the administrative costs that would be incurred by the Debtors remaining in chapter 11 if the Debtors seek to confirm a plan of reorganization on a contested basis). The Waterfall Parties submitted their plan proposal to the Debtors on Tuesday, September 14, 2021 and, in light of the intervening Jewish holiday and other factors, have not yet received a response from the Debtors. The Waterfall Parties, of course, would prefer to proceed on a consensual basis with the Debtors if that is at all possible, but the Waterfall Parties are prepared to propose their own plan of liquidation, in coordination with Wells Fargo, to implement the Waterfall Parties' plan proposal if such a consensual approach with the Debtors does not prove possible and plan proposal exclusivity is allowed to terminate.

3. The Waterfall Parties share Wells Fargo's view that denying the Debtors' request for a further extension of exclusivity and allowing for the possibility that creditors may file competing plans after the expiration of exclusivity on October 11, 2021 will facilitate an efficient exit from chapter 11 that maximizes value for all stakeholders. Although, as noted in the Second

Exclusivity Motion, the Debtors have commenced discussions with Wells Fargo and the Waterfall Parties concerning resolving these chapter 11 cases, the Debtors did not seek a consensual extension of the Exclusivity Periods despite the fact that Wells Fargo and the Waterfall Parties previously raised concerns over the length of the Debtors' first extension of the Exclusivity Periods and negotiated in good faith with the Debtors to reach an agreed extension. Given that there is a clear, value-maximizing path forward available to the Debtors, a further extension of exclusivity will serve only to give the Debtors unfair leverage over each of their largest creditors and allow for the possibility that these chapter 11 cases go forward in a value destructive manner.

WHEREFORE, for the foregoing reasons, the Waterfall Parties join the Objection and support the relief sought by Wells Fargo therein.

[*Signature Page to Joinder to Lender's Objection to Motion Further Extending Debtors' Exclusive Periods to File Plan of Reorganization and Obtain Acceptance Thereof*]

Dated: September 20, 2021    MAYER BROWN LLP

By:/s/ *Alexander F. Berk*

Alexander F. Berk

*Counsel for Quarry Head 2017-1 Grantor Trust, WF I105, LLC, and Waterfall Asset Management*

4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 350 S. Grand Avenue, 25th Floor, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*): **JOINDER TO LENDER'S OBJECTION TO MOTION FURTHER EXTENDING DEBTORS' EXCLUSIVE PERIODS TO FILE PLAN OF REORGANIZATION AND OBTAIN ACCEPTANCE THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 20, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Ron Bender (rb@lnbyb.com)
Nancy S Goldenberg (nancy.goldenberg@usdoj.gov)
Monica Y Kim (myk@lnbyb.com)
Juliet Y Oh (jyo@lnbyb.com)
Ronald N Richards (ron@ronaldrichards.com)
Amir Gamliel (amir-gamliel-

9554@ecf.pacerpro.com)
Daniel Lev (dlev@sulmeyerlaw.com)
Jeffrey Shinbrot (jeffrey@shinbrotfirm.com)
Robert Opera (ropera@wghlawyers.com)
U.S. Trustee (ustpregion16.sa.ecf@usdoj.gov)
Kyle J. Matthews (kmathews@sheppardmullin.com)

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 20, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Judge Erithe A. Smith
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040 / Courtroom 5A
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 20, 2021 | Alexander F. Berk | /s/ *Alexander F. Berk* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |